**ARENA DEL RIO, INC., et al.,**
**Plaintiffs, Appellants,**

v.

**Rafael Faria GONZALEZ, et al.,**
**Defendants, Appellees.**

No. 82–1627.

United States Court of Appeals,
First Circuit.

Argued Feb. 11, 1983.

Decided April 12, 1983.

---

Manuel A. Sanchez, Hato Rey, with whom Harvey B. Nachman, Carolina, P.R., was on brief, for plaintiffs, appellants.

Gerardo Mariani, Asst. Sol. Gen., Dept. of Justice, San Juan, P.R., with whom Miguel Pagan, Acting Sol. Gen., San Juan, P.R., was on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

PER CURIAM.

This case is here on appeal from the grant of summary judgment dismissing plaintiffs' suit under 42 U.S.C. § 1983 for deprivation of property without due process of law. The action arose when employees of the Puerto Rico Department of Transportation and Public Works physically closed a Department access road alongside a public tree nursery leading to plaintiffs' dredging operation in Gurabo, Puerto Rico. Plaintiffs had used the road for several years under a permit from the Department providing, inter alia, for cancellation on 30 days' notice at any time the Department "deemed necessary". The district court found that plaintiffs had failed to establish a constitutionally cognizable "property" interest in their continued use of the road and had therefore failed to state an actionable claim under section 1983. We affirm.

Although the permit recites a number of conditions (e.g., no sublease without prior approval, plaintiffs to avoid interference with adjoining nursery), the Department's right of cancellation is not limited to cases of breach, and plaintiffs do not contend that the cancellation clause means anything

less than full power to cancel the permit at any time *without cause*. Rather, they assert that the Department failed to give the required 30 days' notice, and that this omission deprived them of due process. Whatever the truth of the matter (according to defendants, notice was given), breach of the notice provision would at most give plaintiffs a right of action for breach of contract under Puerto Rico law. The notice provision implied no right to renewal, and established no substantive criteria or protection against cancellation. With or without the notice provision, plaintiffs had a month-to-month permit at will and not a tenure during good behavior. In short, the notice requirement gave plaintiffs no *property* interest within the meaning of the due process clauses of the Constitution.[1] *Cf. Board of Regents v. Roth,* 408 U.S. 564, 578, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) (no property interest in re-employment where contract "made no provision for renewal whatsoever", much less "for renewal absent 'sufficient cause' ").

As we have observed before, "mere breach of a contractual right is not a deprivation of property without *constitutional* due process of law . . . . Otherwise, virtually every controversy involving an alleged breach of contract by a government or a governmental institution or agency or instrumentality would be a constitutional case." *Medina Jimenez v. Almodovar,* 650 F.2d 363, 370 (1st Cir.1981); *see Bleeker v. Dukakis,* 665 F.2d 401, 403 (1st Cir.1981); *see also Bishop v. Wood,* 426 U.S. 341, 345, 349–50, 96 S.Ct. 2074, 2077, 2079–2080, 48 L.Ed.2d 684 (1976) (no deprivation of property without due process where ordinance "grant[ed] no right to continued employment but merely condition[ed] an employee's removal on compliance with certain specified procedures").

*The judgment of the district court is therefore affirmed.*

---

1. As we noted in *Medina Jimenez v. Almodovar,* 650 F.2d 363, 364 n. 1 (1st Cir.1981), "[t]he Supreme Court 'thus far has declined to say whether it is the Fifth Amendment or the Fourteenth which provides' due process of law protection against Puerto Rican official action", *quoting Examining Board v. Flores de Otero,* 426 U.S. 572, 601, 96 S.Ct. 2264, 2280, 49 L.Ed.2d 65 (1976).