Richard M. MOODY,
Plaintiff, Appellant,

v.

TOWN OF WEYMOUTH, et al.,
Defendants, Appellees.

No. 86–1572.

United States Court of Appeals,
First Circuit.

Submitted Oct. 10, 1986.

Decided Nov. 13, 1986.

As Amended Nov. 20, 1986.

David C. Jenkins and Ramsey & Murray, Boston, Mass., on brief, for plaintiff, appellant.

Richard L. Neumeier, Jacqueline Y. Parker, and Parker, Coulter, Daley & White, Boston, Mass., on brief, for defendants, appellees.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Claiming he had been deprived of property without due process when the Weymouth Retirement Board (Board) concluded plaintiff owed a retirement contribution and instructed the town treasurer to withhold the contribution from plaintiff's salary, plaintiff brought this 42 U.S.C. § 1983 action against the town, its treasurer, accountant, and selectmen. (The members of the Retirement Board were not sued in the present action.) Concluding that state law afforded plaintiff an adequate procedure

for challenging the Board's decision and that hence plaintiff could not be said to have been deprived of property without due process, *see Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the district court granted defendant's motion to dismiss for failure to state a claim. On appeal, plaintiff argues the court erred both procedurally and substantively in dismissing his complaint.

Plaintiff's first argument, a procedural one, is that the court should not have considered matter outside the pleadings in ruling on defendant's motion to dismiss. We review the background.

In support of their motions to dismiss, defendants submitted an affidavit and copies of correspondence between plaintiff and the town. Fed.R.Civ.P. 12(b)(6) provides that if matter of this type outside the pleadings is presented in support of a motion to dismiss for failure to state a claim and is not excluded by the court, then "the matter shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Defendants' affidavit and materials in support of their motions to dismiss were filed on June 18, 1985. The court did not grant defendants' motion to dismiss until almost a year later, on May 15, 1986. Consequently, plaintiff had plenty of time to file his own affidavit or materials disputing any of defendants' assertions. Plaintiff did not file any, however. Instead, shortly after defendants' materials were filed, plaintiff filed a motion to strike them on the ground that matter outside the four corners of a complaint could not be considered on a motion to dismiss. Defendants objected to the motion to strike contending that the affidavit and materials were the only way to bring relevant matter to the court's attention. The district court did not expressly rule on plaintiff's motion to strike, but implicitly denied it, for the court, in its opinion granting defendants' motion to dismiss, relied on defendants' materials. Plaintiff argues that because the district court never formally converted defendants' motions to dismiss into motions for summary judgment or warned plaintiff that the court intended to rely on the affidavits and

materials defendants had submitted, the district court erred in relying on material outside the pleadings.

■■■ It is true, as plaintiff points out, that some circuits require that parties be expressly notified of the district court's intention to convert a Rule 12(b)(6) motion into a motion for summary judgment and strictly enforce this notice requirement. *See, e.g., Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir.1985). *See* also 6 Moore's Federal Practice ¶ 56.14[1], pp. 56–353 to 56–354 n. 14 ("[A]lthough not expressly required by Rule 12, in total fairness to the parties, the better practice is for the trial judge to notify the parties that a Rule 12(b)(6) ... motion is to be treated as a motion for summary judgment whenever the trial judge considers matters outside the pleadings"). Other courts take a more pragmatic approach, however, and treat any error in failing to give express notice as harmless when the opponent has received the affidavit and materials, has had an opportunity to respond to them, and has not controverted their accuracy. *See Kaestel v. Lockhart*, 746 F.2d 1323 (8th Cir.1984). In the circumstances of the present case, we think the latter is the sensible approach. The plain language of Rule 12(b)(6) that materials outside the pleading may be considered if not excluded by the court put plaintiff on notice that the motion might be converted into one for summary judgment. Plaintiff has not even on appeal disputed the accuracy of the factual assertions in defendants' affidavit or his receipt or sending of the various letters submitted by defendants. Nor, with the exception of material relating to a civil service commission proceeding, has he indicated he had anything relevant to present in opposition to defendants' materials. (We consider the civil service material later and conclude it did not undermine the second of the two independent statutory bases on which the district court's opinion rested.) Because plaintiff has not shown that he would have done something different had the district court taken him by the hand and told him defendants' motion had been converted into a motion for summary judgment and that this something would likely have defeated defendants' motions, we conclude plaintiff has not demonstrated prejudice and that therefore there would be no

point in remanding. In sum, any error in failing to give plaintiff explicit notice was harmless. We therefore turn to the merits.

■ According to plaintiff's complaint and the uncontroverted assertions of defendants' materials, the facts are these. Plaintiff, a Weymouth patrolman, was injured in 1976 and thereafter, pursuant to Mass.Gen.L. ch. 41, § 111F (1984) (leave with pay for injured officers), was on injury leave but received his regular pay. In November 1982, plaintiff's benefits were terminated and he sued the town. In 1984 this action was settled, the settlement agreement reading in part that plaintiff "shall continue to receive benefits pursuant to M.G.L. Chapter 41, Section 111F during the pendency of the application [for involuntary retirement] or appeal thereof" and approximately $35,000 in back pay. Section 111F provides that amounts paid under that section shall be deemed the "regular compensation" of the injured officer. Section 22(1)(b) of chapter 32 of the General Laws, a chapter which deals generally with retirement and pensions, provides for the financing of retirement systems through the withholding of a certain percentage of an employee's "regular compensation." Consequently, when notified of the settlement, the Weymouth Contributory Retirement Board took the position that a 5% retirement contribution (amounting to $1,750.00) should have been deducted from the $35,000 back pay. Accordingly, the Board sent the following letter, dated October 26, 1984, to plaintiff.

"At the monthly meeting of the Weymouth Contributory Retirement Board held Thursday October 25, 1984 it was noted that when you received your retroactive reinstated pay of $35,000.00 your retirement deduction of 5% was not deducted and forwarded to us.

"The Board voted that you reimburse the Weymouth Contributory Retirement System $1,750.00.

"Please let us know when we can expect payment."

Plaintiff apparently did not respond, for the Board's counsel sent a followup letter on December 4, 1984 informing plaintiff as follows:

"Since this payment is a contractual obligation on your part, pursuant to Chapter

32 of the General Laws, I wish to advise you that the Board will instruct the Chief of Police to withhold your regular compensation payments until such time as it equals the sum of $1,750. In order not to disrupt your family's financial planning by this harsh step, I respectfully suggest that you arrange to make some other form of payment to the Board.... "[I]f I do not hear from you by December 15, 1984, then I will instruct the Board to proceed with the alternative, as set forth above."

By letter dated December 20, 1984, plaintiff's counsel responded that the back pay "was not designated within the terms of the [settlement] agreement as payments pursuant to Massachusetts General Laws Chapter 41, Section 111F" and therefore it was his position that contributions to the retirement system were not due. The Board's counsel responded by letter dated January 3, 1985 that the Board had reviewed the settlement agreement and took the position that the $35,000 represented "regular compensation, as more fully defined in G.L. ch. 32, § 1" and consequently the Board was entitled to receive a retirement contribution. The letter further stated, "the Board has voted to instruct the Town Accountant to withhold $1,750.00 from [plaintiff's] salary and pay the same to the annuity savings fund of the retirement system," and indicated the withholding would start with the pay period commencing January 11, 1985. Thereafter, plaintiff's salary was withheld and he brought the present § 1983 action contending he had been deprived of property without due process.

Concluding that state law—either Mass. Gen.L. ch. 31, §§ 39–43 (1984) or Mass. Gen.L. ch. 32, § 16(4) (1984)—had afforded plaintiff the means to challenge the Board's determination that a 5% retirement contribution was due, the district court ruled that plaintiff had not been deprived of property without due process. *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981) (Fourteenth Amendment does not protect against all property deprivations, but only against those accomplished without due process).

In view of the wording of Mass.Gen.L. ch. 31, §§ 39–43 (1984) and the Civil Service

Commission's dismissal for lack of jurisdiction of the complaint plaintiff filed with the Commission, we agree with plaintiff that that statute did not afford plaintiff a means for challenging the retirement Board's determination. However, the second statute on which the district court relied—Mass.Gen.L. ch. 32, § 16(4)—would have provided a remedy. Section 16(4) reads in material part as follows:

"(4) Right of Appeal to Contributory Retirement Appeal Board.... [A]ny person when aggrieved by any action taken or decision of a retirement board rendered ... may appeal to the contributory retirement appeal board by filing therewith a claim in writing within fifteen days of such action or decision of the retirement board...."

Judicial review of an adverse decision of the contributory retirement appeal board is available under the state's administrative procedure act, Mass.Gen.L. ch. 30A, § 14 (1984). *Mathewson v. Contributory Retirement Appeal Board,* 335 Mass. 610, 616, 141 N.E.2d 522, 526 (1957).

Section 16(4) is embrective in its terms. It permits an appeal from any decision of a retirement board. Surely, the Board's October 25, 1984 vote to require a $1,750 contribution embodied in the October 26, 1984 letter sent to plaintiff as well as the Board's vote to instruct the Town Accountant to withhold the $1,750 from plaintiff's pay were decisions of the Board. Hence, we see no reason why the § 16(4) procedure would not have been available to plaintiff had plaintiff timely invoked it. Plaintiff states that review under § 16(4) is dependent upon a person having an action pending before the Board, but we see nothing in the statute or in the cases to which plaintiff points to support plaintiff's interpretation. Plaintiff also says he was not informed of the Board's vote so he had no opportunity to avail himself of the § 16(4) remedy. Plaintiff, however, has not denied receiving the October 26, 1984, December 4, 1984, and January 3, 1985 letters, and hence we do not understand plaintiff's argument.

Next, plaintiff relies on *Gaffney v. Silk,* 488 F.2d 1248 (1st Cir.1973), to support his contention that he stated a claim for denial of procedural due process. In that case, a town terminated the § 111F benefits of policemen without notice or hearing. The police brought an action in state court and the state court ordered benefits reinstated. The police then brought a § 1983 action in federal court against the selectmen contending that by voting to terminate benefits without first affording plaintiffs notice and hearing, the selectmen had deprived them of due process. The district court dismissed the action for failure to state a claim. This court reversed, ruling that the allegations of the termination of statutory benefits without notice, reasons, or hearing sufficiently stated a claim of deprivation of federally protected rights.

*Gaffney v. Silk* is not controlling for several reasons. First, the uncontroverted materials attached to defendants' motion show that plaintiff was given prior notice of the Retirement Board's intended action, was told the reason for it, and was afforded an opportunity (by letter) to convince the Board it was wrong. While plaintiff was not given a formal, evidentiary *pre*-termination hearing (a formal *post*-termination hearing appears available under Mass.Gen.L. ch. 32, § 16(4) (1984)), due process does not always require such a hearing, particularly when no pre-termination evidentiary hearing has been requested. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). See also *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985) ("In general, 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action"). We conclude the pre-termination process was sufficient and plaintiff was not denied due process.

Second, strictly speaking, plaintiff is not here complaining of a termination of statutory benefits. The § 111F benefits were terminated in 1982 and that matter was litigated and settled in 1984. Rather, plaintiff is complaining about action which he believes is a violation of the settlement agreement. Plaintiff feels that under the terms of the settlement agreement no retirement contribution may be deducted while the Board's position is that the amount designated in the agreement as back pay was subject to a statutory retirement contribution. We have repeatedly held that a contractual violation does not constitute a deprivation of property with-

out due process. *Arena del Rio, Inc. v. Faria Gonzlez,* 704 F.2d 27 (1st Cir.1983); *Casey v. Depetrillo,* 697 F.2d 22 (1st Cir. 1983); *Jimenez v. Almondovar,* 650 F.2d 363, 370 (1st Cir.1981). Available to plaintiff was either an appeal of the Board's decision under ch. 32, § 16(4) or an action for violation of contract (settlement agreement). *See Northgate Construction Corp. v. Fall River,* 12 Mass.App.Ct. 859, 421 N.F.2d 94 (1981) (violation of settlement agreement action against a municipality). Hence, we reject plaintiff's attempt to turn this contract action into a constitutional case.

Last, pointing out that the Retirement Board is an entity distinct from the town, plaintiff characterizes the town's withholding from his pay of the retirement contribution as a "garnishment" of his wages and, relying on *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), contends due process required a pregarnishment judicial hearing. *Fuentes,* which involved a challenge to a state statute authorizing *ex parte* attachments, is inapplicable. Here, plaintiff's primary dispute— whether the amount designated as back pay in the settlement agreement is subject to statutory retirement deductions—is with the Retirement Board. In withholding from plaintiff's pay the amounts designated by the Retirement Board, the town was arguably simply complying with state law, for, under Mass.Gen.L. ch. 32, § 22(1)(b) the town treasurer or other official in charge of payroll *"shall,* upon written notice from the [retirement] Board, withhold on each pay day" (emphasis added) the statutory retirement contribution percentage from the employee's pay. Whether or not the withholding at issue here was strictly within the terms of § 22(1)(b), it was sufficiently analogous that the town could reasonably believe it was bound to comply with the Retirement Board's directive. We do not understand plaintiff to be attacking § 22(1)(b) in general. As we have already concluded, plaintiff had an adequate procedure under Mass.Gen.L. ch.

32, § 16(4) (1984) to challenge the Retirement Board's decision. In these circumstances we see no due process violation and no merit to plaintiff's "garnishment" claim.

*Affirmed.*