**Hamilton J. WHITING,**
**Plaintiff, Appellant,**

v.

**Henry F. MAIOLINI, et al.,**
**Defendants, Appellees.**

No. 90–1600.

United States Court of Appeals,
First Circuit.

Heard Oct. 1, 1990.

Decided Dec. 7, 1990.

Order Jan. 7, 1991.

James R. McMahon, III, Buzzards Bay, Mass., for plaintiff, appellant.

Robert S. Troy, Sandwich, Mass., for defendants, appellees.

Before TORRUELLA, Circuit Judge, BOWNES, Senior Circuit Judge, and WOODLOCK,* District Judge.

TORRUELLA, Circuit Judge.

Appellant, Hamilton J. Whiting, brought suit in the United States District Court for the District of Massachusetts against Henry F. Maiolini, James A. Nelson, Jr., Alfred A. Harrington, and the Town of Bourne charging them with civil rights violations under 42 U.S.C. § 1983. Appellees filed a Rule 12(c) motion for judgment on the pleadings which the district court viewed as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted and then treated as a motion for summary judgment under Rule 56, which it granted. Fed.R.Civ.P. 12(b)(6), (c) and 56. Appellant appeals that order. For the reasons stated below, we reverse.

## DISCUSSION

■ The district court was acting within its discretion in converting appellees Rule 12(c) motion for judgment on the pleadings to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Amersbach v. City of Cleveland*, 598 F.2d 1033 (6th Cir.1979). The district court was also within its discretion in treating a Rule 12(b)(6) motion to dismiss as a Rule 56 motion for summary judgment. Fed.R.Civ.P. 12(b)(6), 12(c) and 56; *Moxley v. Vernot*, 555 F.Supp. 554, 556 (S.D.Ohio 1982); *see also* Wright and Miller, *Federal Practice and Procedure: Civil*, § 1371 at 543 (1969 & Supp.1989) (stating that "[i]t is within the court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment."). There is, however, one significant difference between a Rule 12(b)(6) motion and a Rule 56 motion. A Rule 12(b)(6) motion is decided solely on the pleadings while a Rule 56 motion may rely on additional outside evidence. When treating a Rule 12(b)(6) motion as a motion for summary judgment, "all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b)(6) and 12(c).

Although we have recognized that "some circuits require that the parties be expressly notified of the district court's intention to convert a Rule 12(b)(6) motion into a motion for summary judgment and strictly enforce this notice requirement," *Moody v. Town of Weymouth*, 805 F.2d 30, 31 (1st Cir.1986) (citations omitted), this court has taken a less formalistic approach. In some circumstances we have, instead, "treat[ed] any error in failing to give express notice as harmless when the opponent has received the affidavit and materials, has had an opportunity to respond to them, and has not controverted their accuracy." *Id.*

■ Any evaluation of the opportunity to respond necessarily turns on the way in which the particular case under consideration has unfolded. "Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure place different burdens on the parties, and the two motions may be appropriate at different stages of the litigation." *Aldahonda–Rivera v. Parke Davis & Co.*, 882

*Of the District of Massachusetts, sitting by designation.

F.2d 590, 591 (1st Cir.1989). Consequently, we have not looked with favor when allowance of the motion through which summary judgment is obtained "follow[s] hard on the heels of the complaint or answer." *Condon v. Local 2944, United Steelworkers of America*, 683 F.2d 590, 593–94 (1st Cir. 1982). When discovery has barely begun and the nonmovant has had no reasonable opportunity to obtain and submit additional evidentiary materials to counter the movant's affidavits, conversion of a Rule 12 motion to a Rule 56 motion is inappropriate. *Gay v. Wall*, 761 F.2d 175, 177–78 (4th Cir.1985).

█ Here there were none of the indicia of an adequate opportunity to respond to the unannounced conversion to a Rule 56 motion by the district court. The defendants had not even answered the complaint. While the defendants had served plaintiff with the outside evidence along with their original Rule 12(c) motion, the first express notice the defendants gave that they sought to have their motion considered in the alternative as one for summary judgment came in their reply brief in support of their motion for judgment on the pleadings. And their reply brief was filed just four days before summary judgment was allowed by the district court. Plaintiff's counsel, for his part, sought through his original memorandum in opposition to defendant's Rule 12(c) motion to alert the district court that "this civil action is only beginning. The [p]laintiff," he asserted, "will have to utilize discovery in order to establish his claim."

In these circumstances, the plaintiff was not afforded a meaningful opportunity to respond to the treatment of defendants' motion as one for summary judgment. At this early stage of these proceedings, it was premature to dispose of the case in this manner. *Cf. Street v. Fair*, 918 F.2d 269, 272 (1st Cir.1990).

Accordingly, the district court's order is

Reversed and remanded for further proceedings.

## ORDER OF COURT

Petitioners Henry F. Maiolini, James A. Nelson, Jr., Alfred A. Harrington and the Town of Borne argue in their petition for rehearing that the district court's decision to convert their Rule 12(c) motion for judgment on the pleadings to a Rule 12(b)(6) motion for failure to state a claim, and subsequently to a Rule 56(c) motion for summary judgment, without the required notice to plaintiff constituted harmless error only. In support of this proposition, petitioners rely primarily on two cases: *Moody v. Town of Weymouth*, 805 F.2d 30 (1st Cir.1986) and *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir.1989). Both are distinguishable. In fact, *Moody* supports this court's proposition that summary judgment was improper.

First, in both *Moody* and *Nuclear Transport* the defendants filed Rule 12(b)(6) motions for failure to state a claim rather than Rule 12(c) motions. A Rule 12(b)(6) motion provides greater notice to the plaintiff (than a Rule 12(c) motion) that the motion is subject to conversion to a Rule 56(c) motion for summary judgment on jurisdictional grounds.

Second, the defendants in *Moody* filed their affidavit and materials in support of their motion almost one year before the district court granted their motion. Thus, unlike Mr. Whiting, the plaintiff in *Moody* was provided ample opportunity to respond. As this court stated in its opinion, the First Circuit does not look with favor when the motion through which summary judgement is obtained "follow[s] hard on the heels of the complaint or answer." *Condon v. Local 2944, United Steelworkers of America*, 683 F.2d 590, 594 (1st Cir.1982). As we stated in *Moody*, failure to give express notice is harmless "when the opponent has received the affidavit and materials, has had an opportunity to respond to them, and has not controverted their accuracy." *Moody v. Town of Weymouth*, 805 F.2d at 31. Such were not the circumstances of the instant case. In the instant case, as noted in our opinion, petitioners did not file an answer to Mr. Whit-

**8**

ing's complaint, and Mr. Whiting was not given an adequate opportunity to respond. Therefore, under *Moody*, summary judgment was improper in the instant case.

And finally, petitioners point to similar language in *Moody* and *Nuclear Transport* in support of their position that even if summary judgment was incorrectly granted, it amounted to harmless error only. The language relied upon in *Moody* states that summary judgment was proper because the plaintiff had not shown that any different course would have been followed had the plaintiff been provided with proper notice. *Moody v. Town of Weymouth*, 805 F.2d at 31. The court in *Nuclear Transport* found that the plaintiff had failed to show that the opportunity to submit any additional materials would have had any effect on the courts' analysis. *Nuclear Transport*, 890 F.2d at 1351. The instant case, however, differs in two respects. First, Mr. Whiting's complaint was filed pro se, which is generally afforded greater latitude by this court. And second, as pointed out in Mr. Whiting's brief, discovery efforts were required because all relevant information was in the hands of petitioners, but such discovery efforts were curtailed by the district court's grant of summary judgment. Thus, unlike *Moody* and *Nuclear Transport*, it cannot be said in the instant case that had petitioners filed an answer to which plaintiff could reply, and had plaintiff been given the opportunity to conduct discovery, nothing different would have been produced which would make summary judgment improper. As stated in our opinion, because plaintiff was not afforded these opportunities, grant of summary judgment in the instant case was premature.