955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nathan BURGESS, Nadja Nichelle Burgess, Kevin Curley, Rhonda
Conrad, Kenneth Ranard Brown, Plaintiffs-Appellants,
v.
CITY AND COUNTY OF SAN FRANCISCO, San Francisco Police
Department, San Francisco Mayor, Art Agnos; San Francisco
Police Chief, Frank Jordan; San Francisco Deputy Chief,
John Jordan; Willis Casey, Deputy Chief Department
Personnel; Frank Reed, Deputy Chief; et al., Defendants-Appellees.
 Nos. 91-15084, 91-15493.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1992.*
Decided Feb. 18, 1992.
 
 Before GOODWIN, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs Nathan Burgess, et al. (hereinafter "Burgess") appeal the district court's dismissal of their state law claims and entry of summary judgment against them on their federal claims. Burgess further challenges the district court's conversion of the city and federal defendants' motions to dismiss into motions for summary judgment, as well as the district court's denial of Burgess's request for entry of a default judgment against certain defendants. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Finding each of Burgess's contentions to be without merit, we affirm.
 
 I. BACKGROUND
 
 3
 Burgess commenced this action on December 29, 1989, attempting to allege assorted civil rights, RICO, and tort claims against numerous defendants for various unrelated events that occurred between 1978 and 1988. On January 4, 1990, the district court directed Burgess to file a short and plain statement of his claims. Burgess failed to respond. On February 13, 1990, the district court again ordered Burgess to file an amended complaint containing a short and plain statement of his claims. Burgess instead filed an amended complaint nearly identical to his original complaint. On March 19, 1990, the district court again ordered Burgess to amend his complaint. Burgess responded by filing a lengthy and incoherent complaint. Finally, on July 11, 1990, the district court dismissed the complaint with leave to amend and ordered Burgess to file a third amended complaint, no longer than 15 pages, setting forth what was done by each defendant, when it was done, which defendant did it and how Burgess was harmed. On August 8, 1991, Burgess filed a two-page third amended complaint which the district court described as "so terse that it fails to provide sufficient facts which, if true, might entitle plaintiff to a legal remedy." E.R. 78.
 
 
 4
 Of the eight purported causes of action in this third amended complaint, the district court determined that claims two, three, four, six, seven and eight failed to state causes of action under federal law. On October 17, 1990, the court dismissed these claims on the ground that it declined to exercise pendent jurisdiction. E.R. 81. The district court determined that only the first and fifth causes of action stated possible federal claims. The first claim purported to be a civil rights claim under 42 U.S.C. § 1983 against the city defendants, and the fifth cause of action purported to be a claim for improper denial of federal worker's compensation benefits under the Longshore and Harbor Workers' Compensation Act. The district court converted the city and federal defendants' motions to dismiss into motions for summary judgment, and it ordered Burgess to produce all evidence he would produce at trial in support of his claims. E.R. 81-82.
 
 
 5
 On November 14, 1990, Burgess submitted documentary evidence in support of his two remaining claims. On January 7, 1991, the district court granted summary judgment in favor of the city defendants on the first claim and in favor of the federal defendants on the fifth claim. Before ruling on summary judgment, the district court also denied Burgess's motion for entry of default judgment against various defendants on the ground that the state law claims had already been dismissed and that, in view of the questionable merit of the federal claims, the federal policy of deciding cases on the merits should be honored.
 
 
 6
 In case number 91-15084, Burgess timely appealed the district court's final orders of dismissal and summary judgment.[1]
 
 II. DISCUSSION
 A. Judgment on the Federal Claims
 
 7
 Even measured by the liberal standards accorded pro se litigants, Burgess's rambling and garbled pleadings are incomprehensible and should have been dismissed by the district court for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). Rather than dismissing the complaint outright, however, the district court converted defendants' motions to dismiss into motions for summary judgment.
 
 
 8
 A district court has discretion to convert a motion to dismiss under Rule 12(b)(6) to a motion for summary judgment. Typically, the court will exercise this discretion when a defendant's motion to dismiss is accompanied by evidentiary materials outside the pleadings. See Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1430 (9th Cir.1984). Here, the city defendants' motion to dismiss was styled as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Although there is some authority for the proposition that a court may not convert a Rule 12(b)(1) motion into a motion for summary judgment, see Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2nd Cir.1986), we find that the district court properly construed the city defendants' motion to dismiss as a challenge to the adequacy of Burgess's pleadings. Cf. Whiting v. Maiolini, 921 F.2d 5, 6 (1st Cir.1990) (construing defendant's Rule 12(c) motion for judgment on the pleadings as a motion to dismiss under Rule 12(b)(6)); Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558 (9th Cir.1987) (applying summary judgment standard to defendant's Rule 12(b)(1) motion where facts relevant to determining subject matter jurisdiction went directly to the merits of plaintiff's claim). The thrust of the city defendants' motion was that the Burgess's complaint failed to set forth any factual or legal basis for his claims. The motion included an additional suggestion that the complaint be dismissed for lack of subject matter jurisdiction due to its inadequacy. We agree with appellees that the motion was essentially a motion to dismiss for failure to state a claim, combined with a motion to dismiss for lack of jurisdiction.
 
 
 9
 We review for an abuse of discretion the district court's conversion of a motion to dismiss into a motion for summary judgment. Salveson, 731 F.2d at 1430. We review de novo the district court's entry of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990).
 
 
 10
 The district court did not abuse its discretion in converting the motion to dismiss into one for summary judgment. The court apparently took this somewhat unusual procedural step in order to give Burgess the fullest chance to present his claims in a comprehensible manner.[2] The district court gave Burgess notice and a reasonable opportunity to muster his proof. See United States v. Grayson, 879 F.2d 620, 625 (9th Cir.1989) (observing that a district court may grant summary judgment sua sponte where the losing party has had "a full and fair opportunity" to ventilate the issues involved in the motion); Portsmouth Square, Inc. v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir.1985) (same).
 
 
 11
 Entry of summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 12
 The gravaman of Burgess's section 1983 claim apparently was that a police investigation into the kidnapping of his daughter from her mother somehow prevented Burgess from working. Burgess produced no evidence to establish how the investigation interfered with his work, where he worked, when the investigation occurred, who was investigated, where the investigation took place, who conducted it or precisely how he was injured. We find no error in the district court's decision granting summary judgment to defendants. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.").
 
 
 13
 The district court correctly entered summary judgment against Burgess on his claim for improper denial of federal worker's compensation benefits, directed at the U.S. Department of Labor and at Longshore and Harbor Workers' Compensation Claim Examiner Edward Orozco. Burgess had pursued his claim, which stemmed from a July 12, 1979 shipyard accident, before an Administrative Law Judge for the Department of Labor, who denied Burgess's claim for benefits. The Labor Department's Benefits Review Board affirmed the ALJ's decision and order, and we affirmed the Board. The district court correctly held that no genuine issue remained.
 
 B. Dismissal of the State Law Claims
 
 14
 We review for an abuse of discretion the district court's dismissal of Burgess's state law claims on that ground that it declined to exercise pendent jurisdiction. Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 715 (9th Cir.1990). We find no abuse of discretion. Pendent jurisdiction over state law claims exists when there is a viable federal cause of action and its relationship to the state claims permits the conclusion "that the entire action before the court comprises but one constitutional 'case.' " United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Here, Burgess alleged a hodgepodge of unrelated state and federal claims which did not derive from a common nucleus of operative fact and which presented distinct issues of law and questions of fact. See id. The district court therefore lacked proper pendent jurisdiction.
 
 
 15
 C. Denial of Plaintiffs' Motion for Default Judgment
 
 
 16
 The district court's denial of Burgess's motion for entry of a default judgment is also reviewed for an abuse of discretion. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986). In view of the questionable merits of Burgess's substantive claims, the insufficiency of the pleadings, the large sum of damages requested, and the strong federal policy of the Federal Rules of Civil Procedure favoring decisions on the merits, the district court did not abuse its discretion in denying Burgess's request for a default judgment. See id. at 1471-72.
 
 
 17
 The district court's decision is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Burgess has abandoned his second appeal (case no. 91-15493), challenging the district court's denial of his Rule 60(b) motion
 
 
 [2]
 In its October 17 order, the court observed: "Having heard, at length and in detail, Mr. Burgess' explanation of the substance of his claims, the court concludes that it must consider the prior pleadings as well as Mr. Burgess' statements on the record in order to rule on the current motions. Hence, the court, in its discretion, will treat the current motions as summary judgment motions and will consider matters outside the pleadings." E.R. 81