Carmen L. PANIAGUA, et al., Plaintiffs,

v.

CORPORACION DE FOMENTO RECREATIVO, et al., Defendants.

No. 94–1613 (DRD).

United States District Court, D. Puerto Rico.

Sept. 30, 1997.

Antonio Rodas–Vinas, San Juan, PR, for Plaintiffs.

Mabel Ramon–Millan, San Juan, PR, Pablo Landrau–Pirazzi, Hato Rey, PR, for Defendants.

### *OPINION AND ORDER*

DOMINGUEZ, District Judge.

Plaintiffs filed this action on May 3, 1994 for alleged constitutional violations based on the breach of certain lease agreements for the operation of food kiosks at the Cerro Gordo public beach. Pending before the Court are a Motion to Dismiss (Docket No. 25) and a Motion for Summary Judgment (Docket No. 27) by the defendants. Defendants move for the dismissal of the complaint on the following grounds: failure to state a claim, the doctrine of res judicata, and statute of limitations. Plaintiffs filed a two (2) page opposition to the Motion to Dismiss, and a two and a half (2½) page opposition to the Motion for Summary Judgment, with no supporting documentation to controvert any of the documents proffered by the defendants.

### SUMMARY JUDGMENT STANDARD

The First Circuit has warned that "[a] party who sits in silence... [and] allows his opponent to configure the [summary judgment] record, does so at his peril." *Vasapolli v.. Rostoff,* 39 F.3d 27, 32 (1st Cir.1994); *see also Kelly v. United States,* 924 F.2d 355, 358 (1st Cir.1991)(holding that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence.") .[1]

The Court, of course, is still obliged to consider the motion on its merits, *Kelly,* 924 F.2d at 358, applying the familiar formulation established for a summary judgment motion. The entry of summary judgment is appropriate only if "no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law." *Vega–Rodriguez v. Puerto Rico Telephone Co.,* 110 F.3d 174, 178 (1st Cir.1997). "In applying this formulation a fact is 'material' if it potentially affects the outcome of the case, and an issue is 'genuine' if the probative evidence on it conflicts." *Id.*

### FACTUAL BACKGROUND

According to the documents submitted by the defendants, plaintiffs filed several state court actions based on the contracts object of this suit. In those actions plaintiffs claimed that they had leased certain facilities from Compañia de Fomento Recreativo ("CFR") for the sale of food and beverages at the Cerro Gordo Public Beach, since the year 1983. Plaintiffs claimed that defendant CFR, through its officers and employees, disturbed their possession of the premises by obstructing the public access to the beach area where the facilities were located. They claimed that defendants placed a gate which obstructed the entrance to the area. Plaintiffs further claimed that defendant refused to re-install utilities such as water and electricity, and that defendant sent a brigade to remove the constructions that plaintiffs had erected in the premises. Plaintiffs state court actions sought injunctive relief and monetary damages.

The Judgment entered by Hon. Jeannette Tomasini Gomez of the Superior Court of Puerto Rico, Bayamon Part, provides a good summary of the protracted proceedings in state court. Plaintiffs filed suit originally in

---

1. Further, pursuant to Local Rule 311.12, the proponent of a summary judgment motion shall serve and file "annexed to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record." Local Rule 311.12. These facts are deemed admitted unless the nonmoving party files a similarly "separate, short, and concise statement of the material facts as to which it contends that there exists a genuine issue to be tried, properly supported by specific reference to the record." *Id; see also Dominguez v. Eli Lilly and Co.,* 958 F.Supp. 721, 727 (D.P.R.1997); *Stepanischen v. Merchants Despatch Transportation Corp.,* 722 F.2d 922, 920–31 (1st Cir.1983). In the present case plaintiffs failed to controvert defendant's statement of uncontroverted facts. Therefore, pursuant to Rule 311.12, defendants facts are deemed admitted.

1990, Civil No. DAC 90–4400 and Civil No. CS 90–6399. Plaintiffs voluntarily dismissed the first action on September 16, 1991, but then retracted and the court vacated the judgment of dismissal on November 6, 1991. The second action (CS 90–6399) was dismissed by agreement of the parties on December 6, 1990, and the Superior Court entered judgment of dismissal on that same date, providing that the defendants continue in possession of the premises without prejudice of the final resolution of the controversies in Civil No. 90–6400. Plaintiffs tried to reopen the case (90–6399) in 1992 and 1993, alleging that defendant impaired the operation of the business. The court denied the motion to reopen and ordered the proceedings to be consolidated with DAC 90–4400. After the parties submitted their positions on the case, the court determined that plaintiffs had not requested the re-installation of water; that plaintiffs only requested the re-installation of electricity; and that plaintiffs did not want to pay some past due electricity bills but instead wanted to operate the business with a generator that they owned. On October 14, 1993, the Superior Court ordered plaintiffs to vacate the premises and ordered the parties to negotiate a settlement to compensate the plaintiffs for the improvements to the leased premises.

On September 7, 1993, plaintiff reopened a bankruptcy proceeding they had initiated in 1990, after CFR filed a collection proceeding for past due rent, (Civ No. 89–4173). By order of the Bankruptcy Court, the Superior Court stayed the proceedings on December 14, 1993. The Bankruptcy Court lifted the stay on September 12, 1994, and the Superior Court resumed its proceedings. The Superior Court entered judgment on January 17, 1996, awarding plaintiffs the sum of Twenty Thousand Six Hundred And Forty Five Dollars ($20,645.00)for the improvements to the property.

Defendants contend that plaintiffs fail to state a cause of action under section 1983. Defendants further contend that plaintiffs' claims are barred by the doctrine of res judicata because the claims raised by defendants could and should have been litigated in the state court cases. In addition, defendants argue that any such cause of action would be time barred because the alleged violations giving rise to plaintiffs' claims occurred in 1990 and plaintiff filed this action in 1994, well past the one year period established for actions under section 1983.

Plaintiffs' meager opposition to the motion for summary judgment does not include any discussion of the doctrine of res judicata. Plaintiffs simply state that: "the issues presented in this case were not addressed in the state court Case No. CS 90–6399 nor Case No. 90–6400." REPLY TO MOTION FOR SUMMARY JUDGMENT, Docket No. 30 at 2. Plaintiffs also argue that "codefendant ignored the Judgment in Case No. CS 90–6399 and by doing so, deprived them of their property right, as recognized in said judgment, without due process of law. Codefendant actions of depriving plaintiffs of their property rights was never addressed in state court." *Id.* at 2. In addition, plaintiffs argue that: "The alleged actions of co-defendants, denying plaintiffs' access and or operation of the premises over which plaintiffs had a property interest, continued until February of this year. Wherefore, the one year statute of limitations on this action has not elapsed." However, plaintiffs have not proffered any evidence to substantiate this assertion.

## DISCUSSION

The First Circuit has repeatedly held that a contractual violation does not constitute a deprivation of property without due process of law. *Moody v. Town of Weymouth,* 805 F.2d 30, 33–34(1st Cir.1986); *Arena Del Rio, Inc. v. Faria Gonzalez,* 704 F.2d 27 (1st Cir.1983); *Casey v. Depetrillo,* 697 F.2d 22 (1st Cir.1983); *Jimenez v. Almodovar,* 650 F.2d 363, 370 (1st Cir.1981)(holding that "mere breach of a contractual right is not a deprivation of property without constitutional due process of law .... Otherwise, virtually every controversy involving an alleged breach of contract by a governmental institution ... would be a constitutional case."). In *Moody v. Town of Weymouth,* a case in which the plaintiff claimed a due process violation as a result of the town's withholding of plaintiff's salary for monies owed, the

First Circuit held that plaintiff had an adequate procedure to challenge the town's action either through an administrative appeal or through an action for violation of contract or settlement agreement against the town. *Moody* 805 F.2d at 34.

■ Plaintiffs' claims in the present action are based on defendant's alleged violations of certain lease agreements for the operation of food kiosks. Like in *Moody,* Plaintiffs in the present action had adequate procedures to challenge the alleged breach, and indeed, pursued those procedures by filing several actions in state court. Therefore, plaintiffs' constitutional claims simply do not exist.

■ We need go no further, however, even if plaintiffs had a cause of action under section 1983 related to the lease of the food kiosks, the same would be barred by the doctrine of res judicata. The First Circuit Court of Appeals has explained that "the doctrine of 'Res judicata generally binds parties from litigating or relitigating any issue that was or could have been litigated in a prior adjudication *and prevents claim splitting.'*" *Futura Dev. Corp. v. Centex Corp.,* 761 F.2d 33, 42 (1st Cir.) (citing *Capo Sanchez v. Secretary of the Treasury,* 92 P.R.R. 817 (1965)); *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth,* 814 F.2d 844, 846 (1st Cir.1987); *see also Worldwide Food Distributors, Inc. v. Alberic Colon Bermudez,* 93 JTS 114, 1993 WL 840035, *3 (P.R., Jun 30, 1993)(holding that lessee is barred from litigating in a subsequent proceeding claims to rights that might have arisen from lease agreement.).

■ A federal court must give to a state court judgement the same preclusive effect as would be given that judgement under the law of the state in which the judgement was rendered. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). In order to apply the doctrine of res judicata in a subsequent suit, the Civil Code of Puerto Rico provides that "it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." P.R. Laws Ann. tit. 31, § 3343.

Although the statute requires perfect identity, the Supreme Court of Puerto Rico has not interpreted said requirement literally. The Supreme Court of Puerto Rico has explained that "the requirement of identity of causes is constituted when the new action would be as if embedded in the first, or would be an inseparable consequence of the same." *Acevedo–Santiago v. Western Digital Caribe, Inc.,* 96 JTS 42, 880 (1996). (Translation ours). The requirement of perfect identity of "things" has been defined as "the object or matter over which the action is exercised." *Futura Development Corp. v. Centex Corp.,* 761 F.2d 33, 44 (1st Cir.1985) (citing *Lausell Marxuach v. Diaz De Yanez,* 103 P.R.R. 533, 1975 WL 38829 (1975)). More recently, the Supreme Court of Puerto Rico explained that "to comply with the required identity of things 'it suffices that it refer to the same subject, even if in the one it was addressed totally, and only partially in the other.'" *Acevedo–Santiago,* 96 JTS 42, 880. (Translation ours). The required identity of persons is fulfilled "whenever the litigants in the second suit are privies ("causa-habientes")of the ones who contested in the prior suit, or are united to them by ties of solidarity." *Id.*

The present action fulfills all the requirements for the application of the doctrine of res judicata. First, the constitutional claims that plaintiffs allege in the present case are based on the violation of their "property interest" in the contracts that were the object of the state court suits. Hence, the present action involves the same "thing" encompassed in the state court action, i.e. the lease agreements. Second, any cause of action claiming a property interest in the contracts was embedded in the state court actions which adjudicated the parties' rights arising form the lease agreements. Particularly since the present action seeks redress for the same conduct involved in the state court action, i.e., defendant's alleged impairment of the operation of plaintiff's business by obstructing access to beach area. Finally, although the state court actions only included the CFR as defendant, the other defendants

included in the present action are privies to CFR, since they are all officers or agents of CFR. Hence, the requirement of identity of parties is also fulfilled. *Acevedo–Santiago,* 96 JTS 42, 880. Therefore, plaintiffs are now barred from litigating anything related to the operation of the food kiosks that was or could have been determined at the state court proceedings. *Futura Dev. Corp.,* 761 F.2d at 43; *Worldwide Food,* 92 JTS 114, 1993 WL 840035, *3.[2]

For the foregoing reasons, the Court hereby DISMISSES the complaint WITH PREJUDICE. A Final important note, pursuant to Local Rule 108, defendants are ORDERED TO SUBMIT English translations of all the documents submitted in the Spanish language in support of the Motion for Summary Judgment. The Court had previously so ordered and now reiterates its mandate. Defendants shall file translations within twenty five days (25).

IT IS SO ORDERED.

---

**2.** Plaintiffs also argued that their cause of action under section 1983 arose after the judgment in CS 90–6399, when defendants ignored said judgment, depriving them of their property right. The Court notes that judgment of Dismissal was entered, by agreement of the parties, CS 90–6399, on December 6, 1990; and that in 1992, plaintiffs tried to reopen the case alleging that they were not being allowed to operate the business. *See* DAC 90–6400 Judgment of January 17, 1996, p. 2. As discussed above, those claims were consolidated with DAC 90–6400. Hence, even the violations of said settlement constituted a claim under section 1983, the same would also be barred by the doctrine of res judicata, as previously discussed.