**Jennifer L. RINGQUIST, Plaintiff,**

v.

**David GAUMOND and AIG Insurance Company, Defendants.**

**No. Civ.A. 99–40150–NMG.**

United States District Court,
D. Massachusetts.

June 20, 2000.

James F. Scola, Glickman, Sugarman & Kneeland, Worcester, MA, for plaintiff.

Rodney E. Gould, Robert C. Mueller, Rubin, Hay & Gould, Framingham, MA, for defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff Jennifer Ringquist ("Ringquist") brought the present action to recover for injuries sustained as a result of a motor vehicle accident which occurred on February 24, 1998. Plaintiff alleges that (1) defendant David Gaumond ("Gaumond") was negligent in the operation of his motor vehicle and (2) defendant AIG Claim Services, Inc. ("AIG"), the insurer of the vehicle driven by Gaumond, committed an unfair and deceptive insurance act by failing to tender a good faith settlement offer in violation of M.G.L. c. 176D, § 3.[1] Pending before this Court is AIG's motion to dismiss or, in the alternative, for summary judgment (Docket No. 3).

### I. Background

The parties dispute the facts surrounding the accident involving Ringquist and Gaumond which occurred on February 24, 1998. The police did not investigate the accident and the only witnesses to it were Ringquist, Gaumond and Gaumond's wife and daughter. Plaintiff maintains that Gaumond ran a stop sign and struck the side of her vehicle. AIG investigated the accident and determined, by contrast, that Gaumond was stopped at the intersection when the plaintiff swerved to the right in order to avoid a car attempting to make a left turn and struck the front of Gaumond's car as she passed by.

Following the accident, AIG investigated the plaintiff's claims. On April 13, 1999, AIG sent a letter to plaintiff informing her that it was attempting to assess liability and damages. AIG requested that the

plaintiff provide information regarding the accident's location in order to facilitate its investigation but she failed to do so then or later. The following day, plaintiff requested in writing that AIG make a settlement offer. On April 20, 1999 plaintiff sent an automobile accident injury claim to AIG in which she demanded $50,000 and requested a settlement offer. Plaintiff repeated her request for a settlement offer one month later.

On June 4, 1999 AIG contacted plaintiff to inform her that its investigation revealed that Gaumond was not liable for the accident and that it would not, therefore, make a settlement offer.

### II. Discussion

#### A. Standard of Review

In support of its motion to dismiss or, in the alternative, for summary judgment, AIG submitted the affidavit of the Manager who handled Ringquist's claim. Fed. R.Civ.P. 12(b)(6) provides that if matter outside the pleadings is presented in support of a motion to dismiss for failure to state a claim and is not excluded by the court then

> the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Defendant's affidavit was filed on September 3, 1999. Plaintiff has had adequate time to file her own affidavit or other materials disputing AIG's assertions. *See Moody v. Town of Weymouth,* 805 F.2d 30 (1st Cir.1986). Because this Court has considered the affidavit submitted by AIG, it will treat AIG's motion as a motion for summary judgment.

---

**1.** Plaintiff brought suit against "AIG Insurance Company" but the correct name of the insurer is "AIG Claim Services, Inc."

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quotation omitted). The burden is upon the moving party to show, based upon the pleadings, discovery on file and affidavits "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### B. AIG's Failure to Settle Ringquist's Claim

Unfair and deceptive acts or practices in the business of insurance are prohibited by M.G.L. c. 176D, § 3.[2] That statute prohibits failures to "effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." M.G.L. c. 176D, § 3(9)(f). There is no violation of the statute if the insurer's liability is not reasonably clear. *See Guity v. Commerce Ins. Co.*, 36 Mass.App.Ct. 339, 631 N.E.2d 75, 77 (1994).

Although plaintiff alleges that AIG failed to make a settlement offer despite the "clear liability" of David Gaumond, the record shows that liability is not reasonably clear. The police did not investigate the accident and there were no witnesses to the accident other than Ringquist, Gaumond and Gaumond's wife and daughter. While Ringquist claims that Gaumond ran a stop sign and struck the side of her vehicle, AIG maintains that its investigation reveals that Ringquist swerved to avoid a car and struck the front of Gaumond's car.

---

**2.** A person whose rights are affected by a violation of M.G.L. c. 176D, § 3(9) is entitled to relief under M.G.L. 93A, § 9. *See Van Dyke*

### III. Conclusion

The existence of a dispute as to the underlying negligence claim against Gaumond affords his insurer ample justification to delay or avoid altogether any offer of settlement. There is no genuine dispute here that the cause and details of the accident are undetermined. Thus, liability is not "reasonably clear" and, as a matter of law, there is no violation of Chapter 176D, § 3(9). AIG's motion for summary judgment will, therefore, be allowed.

### ORDER

For the foregoing reasons, AIG's motion for summary judgment (Docket No. 3) is **ALLOWED**.

**So ordered.**

---

*v. St. Paul Fire & Marine Ins. Co.*, 388 Mass. 671, 448 N.E.2d 357, 360 (1983).