
Jaime **QUINONES RODRIGUEZ,**
Plaintiff

v.

**ANDOXX CORPORATION d/b/a Plavica Auto Center; MAPFRE Life Insurance Company, Defendants.**

Civil No. 05–1821(DRD).

United States District Court,
D. Puerto Rico.

July 31, 2006.

Hector L. Claudio–Rosario, Hector Claudio Law Firm, Caguas, PR, for Plaintiff.

Manuel A. Quilichini–Garcia, Quilichini Law Office, Lourdes C. Hernandez–Venegas, Schuster & Aguilo LLP, Rafael E. Aguilo–Velez, Usera Law Offices, PSC, San Juan, PR, for Defendants.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is co-defendant MAPFRE Life Insurance Company's ("MAPFRE") *Motion to Dismiss Amended Complaint.* (Docket No. 24). Through said motion, MAPFRE moves the Court to dismiss all of plaintiff's ERISA and COBRA claims provided that: (1) MAPFRE is not the plan administrator responsible for notifying plaintiff of his continuation rights under COBRA after his termination from employment, and (2) MAPFRE cannot be held liable for a breach of fiduciary duty premised upon a responsibility to provide COBRA notification when such duty falls exclusively upon the plan administrator. To support its contentions, MAPFRE brought forth an excerpt of the Group Insurance Policy and an unsworn statement under penalty of perjury made by the MAPFRE Underwriting Department Manager. Plaintiff duly opposed said request for dismissal averring that the text of the provided excerpt and the manager's statement are insufficient to determine who, in fact, is the plan administrator, and, as a fiduciary of the plan due to the alleged duties it performs, MAPFRE was bound to notify plaintiff regarding the continuation of rights under COBRA.

### I. CONVERSION OF MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT AND APPLICABLE STANDARD

Although MAPFRE files it's request under the title of motion to dismiss, by pre-

senting exhibits for the Court and the other parties' consideration, MAPFRE invited the Court to consider the motion as one for summary judgment. *See Garita Hotel Ltd. v. Ponce Federal,* 958 F.2d 15, 18–19 (1st Cir.1992) ("[T]he test is not whether or not supplementary materials were filed, but whether the court actually took cognizance of them, or invoked Rule 56, in arriving at its decision."); *see also Rivera v. Clark Melvin Securities Corp.,* 59 F.Supp.2d 297, 299 (D.P.R.1999). Moreover, Fed.R.Civ.P. 12(b)(6) mandates that the motion be treated as one for summary judgment and disposed of as provided in Rule 56 when considering matters outside the pleading. Of course, all parties are to also be provided a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Specifically, the First Circuit Court of Appeals has held that when a district court does not expressly notify the parties of its intention convert a 12(b)(6) motion into a motion for summary judgment it may do so without constituting reversible error when the party or parties opposing the motion has (1) received materials outside the pleadings, (2) had an opportunity to respond to them, and (3) has not controverted their accuracy. *See Moody v. Town of Weymouth,* 805 F.2d 30, 30 (1st Cir.1986); *see also Maldonado v. Dominguez,* 137 F.3d 1, 5–6 (1st Cir.1997). In the present case, MAPFRE filed a pleading accompanied by certain documentary exhibits. Plaintiff, however, knowing and analyzing these exhibits voluntarily chose to merely plead against MAPFRE without presenting to the Court any additional documentary evidence. Plaintiff, aware of Rule 12(b)'s mandate to convert, rather than heeding to said mandate, opted to leave his opposition devoid of any exhibits. Thus, understanding that plaintiff received materials outside the pleadings, to which he had the opportunity to oppose, and

which accuracy remains uncontested in the Record, the Court now proceeds to analyze the pending motion under the Summary Judgment Standard.

The framework of Fed.R.Civ.P. 56 provides that it is appropriate to enter summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986); *Abbadessa v. Moore Business Forms, Inc.,* 987 F.2d 18, 22 (1st Cir.1993). Pursuant to the language of the rule, the moving party bears the twofold burden of showing that there is "no genuine issue as to any material facts," *and* that he is "entitled to judgment as a matter of law." *Vega–Rodriguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 178 (1st Cir.1997). When the moving party asserts that the competent evidence clearly demonstrates that it is entitled to judgment and after the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." *Cortes–Irizarry v. Corporacion Insular,* 111 F.3d 184, 187 (1st Cir.1997).

At the summary judgment stage, the trial court examines the entire record "in the light most flattering to the non-movant and indulges all reasonable inferences in that party's favor. Only if the record, viewed in the manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Company v. Hayes,* 116 F.3d 957 at 959–60 (1st Cir.1997). In other words, the court must construe the record and all reasonable inferences from it in favor of

the non-movant (the party opposing the summary judgment motion). *See Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir.2000); *Cortes–Irizarry*, 111 F.3d at 187; *see also United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Moreover, "[i]f the adverse party does not [file an opposition], summary judgment, **if appropriate,** shall be entered against the adverse party." Fed.R.Civ.P. 56(e) (emphasis added). The First Circuit Court of Appeals has made clear that failure to timely oppose a motion for summary judgment, does not, in itself, justify entry of summary judgment against the party; therefore, a District Court is "obliged to consider the motion on the merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." *Kelly v. United States*, 924 F.2d 355, 358 (1st Cir.1991); *see also Lopez v. Corporacion Azucarera de Puerto Rico*, 938 F.2d 1510, 1517 (1st Cir.1991) (holding that before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law). In the case of failure to oppose a motion for summary judgment, the consequence "is that the party may lose the right to file an opposition." *Mullen v. St. Paul Fire & Marine Ins. Co.*, 972 F.2d 446, 451–52 (1st Cir.1992) (discussing unopposed motion for summary judgment). Finally, **a party that fails to oppose a motion for summary judgment, does so at its own risk and peril.** *See e.g. Corrada Betances v. Sea–Land Service, Inc.*, 248 F.3d 40, 43 (1st Cir.2001); *Hebert v. Wicklund*, 744 F.2d 218, 223 (1st Cir.1994). However, notwithstanding that there is no opposition to a summary judgement, the Court must entertain the motion on the merits and may not grant the same as a sanction even for failure to file an opposition. *See De La*

*Vega v. San Juan Star*, 377 F.3d 111 (1st Cir.2004).

As a result, the Court examines whether the Second Amended Complaint contains enough information to properly allege, and thus rebut MAPFRE's contention, that MAPFRE was, in fact, the plan administrator under ERISA standards.

## II. ANALYSIS

As previously explained, MAPFRE argues that from a clear reading of the Group Plan, together with the manager's statement, plaintiff clearly fails to set forth any actionable legal theory, more so when the Second Amended Complaint is completely devoid of any allegations regarding which were the duties allegedly performed by MAPFRE that rendered it a plan fiduciary and/or the plan administrator. MAPFRE further argues that plaintiff's claims, even when indulging all reasonable inferences in plaintiff's favor, do not establish MAPFRE performing any other administrative function other than the payment of claims—its inherent duty as the insurer of the plan rather than as and administrator of the plan. It is the Plan Administrator who must notify the employee of their COBRA rights within fourteen (14) days. 29 U.S.C. 1168(c). As such, MAPFRE cannot, under the allegations contained in the Second Amended Complaint, be found liable for breaching any fiduciary duty that, in essence, belongs to the plan administrator and not itself. MAPFRE clearly affirms: "MAPFRE Life does not have any single group or client with an agreement to serve as plan administrator. Neither MAPFRE currently, nor Canad Life previously, provide any such service to anyone." *Unsworn Statement Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746* (Marlene Pierce Gierbolini), Docket No. 24, Exhibit A.

Plaintiff, on the other hand, contends by explaining that the excerpted portions of the plan attached to MAPFRE's request is not sufficient to determine that it is not the plan administrator because the policy only states that "[t]he 'Plan Administrator' is the Employer, or other person designated by the Employer to administer this policy". Since from this language, plaintiff alleges, it cannot be determined who the plan administrator is, the Section 3(16) of ERISA is of application. This section, in turn, provides that the administrator is the person actually responsible for the control, disposition, and/or management of claims. It is plaintiff's argument that, provided that "MAPFRE's duties or obligations as to the administration of the policy purchased by Plavica" are not specified under any written contractual relationship, the Court may not "infer[ ] or presume[ ] for purposes of [defendant's] motion that MAPFRE assumed the administration of the plan, in absence of a written agreement or correspondence establishing restriction on the functions of the insurer." *Opposition,* Docket No. 25, at 4. Curiously, plaintiff then turns to argue that MAPFRE's "functions" necessarily establish its fiduciary status in relation to the plan, thus, also *establishing the employer* having delegated the administration of the plan to MAPFRE. However, plaintiff fully comprehends the explanation as to precisely which duties and functions are those which MAPFRE performs and merely rests on the allegations in the complaint which only assert that MAPFRE "has been the plan sponsor, named fiduciaries and plan administrator of the Group Health Plan (Plan X) within the meaning of ERISA." *Second Amended Complaint,* Docket No. 13, at 3, ¶ 8. The Court emphatically notes that the Second Amended Complaint only states the aforementioned in relation to MAPFRE and nothing more. The Court also emphatically notes that an identical allegation was brought forth against the employer. It is evident to the Court that, even though the definitions of the policy state that "[t]he Plan Administrator is the Employer, or other person designated by the Employer", the Sworn Statement clearly affirms that MAPFRE is not the "other person designated by the Employer to administer the policy".

After examining the entire record in the light most flattering to plaintiff and indulging all reasonable inferences in that party's favor, as provided in Rule 56 of the Federal Rules of Civil Procedure, the Court finds that, after MAPFRE provided the statement under penalty of perjury denying being the Plan Administrator, plaintiff failed to rebut and show which duties and/or functions of MAPFRE, other than payment of claims, MAPFRE performed to convert it into a *de facto* plan administrator, and, in the alternative that Section 3(16) of ERISA is applicable, plaintiff further failed to show how MAPFRE was actually responsible for the control, disposition, and/or management of claims, cash or property received by or contributed by the plan.

## III. CONCLUSION

Wherefore, MAPFRE's motion to dismiss plaintiff's claims against it (Docket No. 24) is **GRANTED**.[1]

**IT IS SO ORDERED**

---

1. The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. *See Nichols v. Ca-*

---

dle Co., 101 F.3d 1448, 1449 (1st Cir.1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); Zayas–Green v. Casaine, 906 F.2d 18, 21 (1st Cir.1990) ("This final judgment rule ... furthers 'the strong congressional policy against piecemeal review.' " Id. (quoting In re Continental Investment Corp., 637 F.2d 1, 3 (1st Cir.1980)); Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority, 888 F.2d 180, 183 (1st Cir.1989); Consolidated Rail Corp. v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir.1988); Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 43 (1st Cir.1988); Santa Maria v. Owens–Ill., Inc., 808 F.2d 848, 854 (1st Cir.1986)); see also United States v. Nixon, 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).