991 F.2d 786
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Raymond F. BRIERLY, Plaintiff-Appellant,
v.
Virginia BRIERLY, et al., Defendants-Appellees.
 No. 92-1916.
 United States Court of Appeals,
First Circuit.
 April 6, 1993
 
 Appeal from the United States District Court for the District of Rhode Island
 Raymond F. Brierly on brief pro se.
 Chappell & Chappell on brief for appellee Virginia Brierly.
 James E. O'Neil, Attorney General, and Jacqueline G. Kelley, Special Assistant Attorney General, on brief for appellee Robert Fallon, Director, State of Rhode Island Department of Human Services.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff appellant challenges the dismissal of his First Amended Complaint for failure to state a claim,[1] denial of his motion for leave to file a Second Amended Complaint, and the award of attorneys' fees and costs to defendant Virginia Brierly.
 
 
 2
 Although plaintiff appears here pro se, he was represented by counsel below. His First Amended Complaint, styled as an action for damages and equitable relief under 42 U.S.C. § 1983, named as defendants his ex-wife, Virginia Brierly, and the Acting Director of the State of Rhode Island's Department of Human Services ["DHS"], Robert Fallon.
 
 
 3
 Plaintiff's pleadings are difficult to recap with precision. We set out here the core facts distilled from the First Amended Complaint. Count One appears directed solely at Virginia Brierly. It recites that after his divorce from Virginia Brierly in 1981, plaintiff failed to make child support payments in accordance with the terms of the Rhode Island Family Court's decree. In March, 1986, plaintiff was personally served with notice of a motion brought by Virginia
 
 
 4
 Brierly to adjudge him in contempt. The hearing on the motion was continued beyond its first scheduled date. Allegedly due to Virginia Brierly's "failure to properly and lawfully serve any kind of notice [of the continued date] upon plaintiff," plaintiff was absent when the hearing was eventually held on September 30, 1986. As a result, plaintiff states, he was adjudged in contempt for failure to pay some $58,640 in arrearages. Also allegedly unbeknownst to plaintiff, a bench warrant issued for his arrest, pursuant to which he was arrested in February, 1988. He was then required to execute a deed in blank to the former marital residence to secure his release. He states that he petitioned for review of the contempt order, apparently without success, and appealed to the Rhode Island Supreme Court, which "after hearing, argument, and presentation of briefs" refused to grant a writ of certiorari in September, 1990.
 
 
 5
 Count Two appears directed solely at Robert Fallon in his capacity as Acting Director of the DHS. It alleges that DHS announced an amnesty program "whereby arrangements for the payment of child support arrearages could be made without fear of arrest or interest payments." Plaintiff sought, through counsel, to take advantage of this program by opening negotiations with DHS toward establishing a payment schedule and other terms. The amnesty period terminated while plaintiff was awaiting a response from DHS about certain terms,[2] but DHS allegedly represented that it "would honor the terms of the amnesty" until a final agreement had been reached. Nevertheless, plaintiff says that DHS filed an "unlawful petition" causing his arrest and incarceration for seven days in September, 1991. He was allegedly then required to execute a promissory note in the amount of $58,640.00, and was found liable by the Family Court for additional interest on arrearages. He states that he objected on the basis of DHS's alleged amnesty promise, but the Family Court failed to "recognize" the amnesty program.
 
 
 6
 Our standard on review of dismissal of a complaint under Rule 12(b)(6) is whether, construing the complaint in the light most favorable to the plaintiff, dismissal is appropriate because "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Roeder v. Alpha Indus., Inc., 814 F.2d 22, 25 (1st Cir. 1987) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Finnern v. Sunday River Skiway Corp., 984 F.2d 530, 537 (1st Cir. 1993) ("If a trial court accepts plaintiff's facts and can envision no reasonable application of the law that would entitle plaintiff to relief, the court may rightly dismiss the case.").
 
 
 7
 The Supreme Court recently reaffirmed the Federal Rules' "liberal system of notice pleading" in a civil rights action brought under 42 U.S.C. § 1983 against a municipality. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 61 U.S.L.W. 4205 (U.S. Mar. 3, 1993). However, "minimal requirements are not tantamount to nonexistent requirements." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). The court need not "conjure up unpled allegations or contrive elaborately arcane scripts" in order to craft a cognizable legal theory where none seems to exist. Gooley, 851 F.2d at 514.
 
 
 8
 Plaintiff's First Amended Complaint is deficient in numerous ways, most of which were well described by the trial judge. In line with his rulings, we interpret the complaint as asserting that each defendant's separate conduct reflected a deviation from an established state rule, policy or statute. It may well be, as the district court held, that the claim asserted against defendant Virginia Brierly is infirm because it does not charge any conduct fairly attributable to the State. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 940 (1982). Likewise, the damages claim asserted against the defendant Fallon may well be barred by the Eleventh Amendment, which proscribes suits against State officials which must be paid from State funds. Hafer v. Melo, 112 S. Ct. 358, 362 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 65 (1989). But we think it unnecessary here to reach these issues because both claims are infirm for another reason: there are no facts indicating that the remedies available from the State were inadequate.
 
 
 9
 It is well established that unauthorized conduct which cannot be foreseen and controlled in advance does not constitute a violation of the procedural requirements of the Due Process Clause "until and unless [the State] refuses to provide a suitable postdeprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Parratt v. Taylor, 451 U.S. 527 (1981); Zinermon v. Burch, 494 U.S. 113, 125 (1990); Lowe v. Scott, 959 F.2d 323 (1st Cir. 1992). Since inadequacy of the state's remedy is a material element of the claim, plaintiff had the burden to set forth supporting factual allegations, either direct or inferential, to sustain an actionable legal theory. Gooley, 851 F.2d at 515.
 
 
 10
 Plaintiff's vague allegations reflect, instead, that there was a state process for challenging both of the alleged due process deprivations. Plaintiff even states that he used the process, appealing at least one of his objections as far as the Rhode Island Supreme Court. That plaintiff disagreed with the result does not show that the process itself is inadequate. To the extent that plaintiff is attempting by this suit to overturn those state court judgments, he is not entitled to any relief in the district court or here. Lower federal courts have no power to sit in review of state court orders. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990).
 
 
 11
 We also see no reason to disagree with the trial court's decisions to grant Virginia Brierly's motion for attorney's fees and costs, and to deny plaintiff's second motion to amend the complaint. Both decisions are entrusted to the sound discretion of the district court, whose rulings will not be disturbed except on a clear showing of abuse. See Coyne v. Somerville, 972 F.2d 440, 446 (1st Cir. 1992) (denial of motion to amend); Finnern, 984 F.2d at 537 (same); Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978) (fee awards under 42 U.S.C. § 1988); Lancellotti, 909 F.2d at 15 (sanctions under Rule 11).
 
 
 12
 The district court awarded costs and fees to Virginia Brierly when it dismissed the claim asserted against her in plaintiff's First Amended Complaint. The order ran jointly against plaintiff and his attorney under Rule 11, and against plaintiff alone under 42 U.S.C. § 1988. The court pointedly found that plaintiff's purpose in bringing the suit included an effort to harass Virginia Brierly and to retaliate against her for the losses plaintiff had suffered in the state courts. Moreover, the court reasoned that the claim as pleaded was so frivolous and lacking in foundation that neither a competent attorney nor a party could believe, after a reasonable inquiry, that it was well-grounded in fact or in law.
 
 
 13
 These findings more than satisfied the requirements of Rule 11 and 42 U.S.C. § 1988, which, though not identical to one another, permit fee awards either where the pleading falls below an objective standard of reasonableness or where there is a showing of subjective bad faith. Here both standards were violated. See Hughes v. Rowe, 449 U.S. 5, 14 (1980) (applying the criteria announced in Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978) to awards of fees to prevailing defendants under 42 U.S.C. § 1988); Lancellotti, 909 F.2d at 19 (observing the alternative standards for Rule 11 awards); Foster v. Mydas Assoc., Inc., 943 F.2d 139 (1st Cir. 1991) (discussing criteria and findings necessary under each authority).
 
 
 14
 In light of these detailed findings, and plaintiff's first two futile attempts to plead a legally cognizable claim, we see no abuse of discretion in the district court's denial of leave to file yet a third complaint "for reasons cited in connection with dismissal of the First Amended Complaint." See Foman v. Davis, 371 U.S. 178, 182 (1962) (while leave to amend is usually "freely given," denial will be upheld where there is stated a "justifying reason," such as "bad faith or dilatory motive ... repeated failure to cure deficiencies by amendments ... undue prejudice to the opposing party [or] futility of the amendment").
 
 
 15
 Accordingly, the district court's judgment is affirmed.
 
 
 
 [1]
 Both defendants filed motions to dismiss. Although one of the motions was couched as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), it in essence also raised a Rule 12(b)(6) objection by challenging the legal foundation for the complaint. It was properly dealt with on this basis by the district court. See Amersbach v. Cleveland, 598 F.2d 1033 (6th Cir. 1979), cited with approval in Whiting v. Maiolini, 921 F.2d 5 (1st Cir. 1990); Charles A. Wright et. al., 5A Federal Practice and Procedure § 1369 at n.6 (2d ed. Supp. 1992)
 
 
 [2]
 The amnesty time period is not mentioned in the First Amended Complaint, but for the sake of clarity, we note that the proposed Second Amended Complaint states that the program was announced in April, 1990 and ran through May 25, 1990, while plaintiff's appeal from his first contempt citation was pending. The authority for, and mechanics of, the amnesty program are not disclosed in the pleadings