United States Court of Appeals
For the First Circuit

No. 92-2148

COOPERATIVA DE AHORRO Y CREDITO AGUADA,

Plaintiff, Appellant,

v.

KIDDER, PEABODY & CO., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fuste, U.S. District Judge]

Before

Selya, Cyr, and Stahl,
Circuit Judges.

Enrique Peral, with whom Edgardo L. Rivera, Roberto Boneta, and

Munoz Boneta Gonzalez Arbona Benitez & Peral, were on brief for

appellant.
Nestor M. Mendez-Gomez, with whom Patricia Rivera-MacMurray and

Pietrantoni Mendez & Alvarez, were on brief for appellee Kidder,

Peabody & Co., Gladys Isabel Flores for appellee Ramon Almonte, and

Guillermo J. Bobonia and Carlos A. Bobonis on brief for appellee Paine

Webber Incorporated.

May 19, 1993

STAHL, Circuit Judge. In this appeal, we must

decide whether the district court properly applied Fed. R.

Civ. P. 12(b) in dismissing plaintiff's complaint as time

barred. Because the district court improperly relied on

materials not within the pleadings in reaching its decision,

we reverse the dismissal.

I.

FACTUAL BACKGROUND AND PRIOR PROCEEDINGS

For purposes of this appeal, we provide only a

summary of the procedural history of this case.1 Plaintiff-

appellant Cooperativa de Ahorro y Credito Aguada ("the Coop")

is a single-branch savings and loan cooperative located in

Aguada, Puerto Rico. On December 28, 1989, more than three

years after purchasing shares in Drexel Burnham Lambert Unit

Trust Bond Funds (hereinafter "Unit Trusts"), the Coop

brought Section 10(b)2 and Rule 10b-53 claims against its

1. For more detailed accounts of the case, see Cooperativa

de Ahorro y Credito Aguada v. Kidder, Peabody & Co., 758 F.

Supp. 64 (D.P.R. 1990) (hereinafter "Cooperativa I");

Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody &

Co., 777 F. Supp. 153 (D.P.R. 1990) (hereinafter "Cooperativa

II"); Cooperativa de Ahorro y Credito Aguada v. Kidder,

Peabody & Co., 799 F. Supp. 261 (D.P.R. 1990) (hereinafter

"Cooperativa III").

2. Section 10(b) of the Securities Exchange Act of 1934, 15
U.S.C. 78j(b), states in relevant part:

It shall be unlawful for any person, directly or
indirectly, by the use of any means or
instrumentality of interstate commerce or of the
mails, or of any facility of any national
securities exchange . . . [t]o use or employ, in

-2-
2

financial services brokers, defendants-appellees Kidder,

Peabody & Co. ("Kidder") and Ramon Almonte.4 The complaint

connection with the purchase or sale of any
security registered on a national securities
exchange or any security not so registered, any
manipulative or deceptive device or contrivance in
contravention of such rules and regulations as the
Commission may prescribe as necessary or
appropriate in the public interest or for the
protection of investors.

3. Rule 10b-5, 17 C.F.R. 240.10b-5 states:

It shall be unlawful for any person, directly or
indirectly, by the use of any means or
instrumentality of interstate commerce, or of the
mails or of any facility of any national securities
exchange,

(a) To employ any device, scheme, or
artifice to defraud,

(b) To make any untrue statement of a
material fact or to omit to state a
material fact necessary in order to make
the statements made, in the light of the
circumstances under which they are made,
not misleading, or

(c) To engage in any act, practice, or
course of business which operates or
would operate as a fraud or deceit upon
any person,

in connection with the purchase or sale of any
security.

4. The complaint also named Almonte's subsequent employer,
Paine Webber, Inc., ("Paine Webber"), as a defendant, and
alleged other securities, RICO, and mail fraud claims against
Almonte, Kidder and Paine Webber. These additional federal
claims were dismissed by the district court and are not
before us on this appeal. See Cooperativa I, 758 F. Supp. at

64; Cooperativa II, 777 F. Supp. at 157-61.

In addition, the complaint included state law fraud
claims against all three defendants. These claims were
dismissed for want of pendent jurisdiction coincident with

-3-
3

alleged that Almonte, while employed at Kidder, had

fraudulently induced the Coop to purchase shares in the Unit

Trusts by misrepresenting to the Coop the nature and risk of

these investments. As to timeliness, the complaint alleged

that, because Almonte had continued to misrepresent the

nature and value of the Unit Trusts from the date of purchase

through July of 1989, the applicable Puerto Rico two-year

statute of limitations had tolled.5

While the Coop's claims were pending before the

district court, the United States Supreme Court announced a

uniform federal statute of limitations for all Section 10(b)

and Rule 10b-5 claims in Lampf, Pleva, Lipkind, Prupis &

Petigrow v. Gilbertson, 111 S. Ct. 2773 (1991). Lampf held

that such claims must be brought within one year of discovery

of the facts which give rise to the violation, and no more

the dismissal of the federal securities claims. See

Cooperativa II, 777 F. Supp. at 161. While our decision in

the instant appeal will result in the reinstatement of those
claims as well, we reinstate them without prejudice to the
district court's further consideration of whether or not it
should hear and determine them under pendent and/or
supplemental jurisdiction.

5. The parties do not dispute that at the time the Coop
filed suit, the applicable statute of limitations was the
two-year provision "borrowed" from the Puerto Rico Securities
Act, 10 L.P.R.A. 890(e). This two-year limitation was
subject to equitable tolling under the doctrine of fraudulent
concealment, which provides that "the statute of limitations
applicable to claims under Section 10(b) and Rule 10b-5
begins to run when an investor, in the exercise of reasonable
diligence, discovered or should have discovered the alleged
fraud." General Builders Supply Co. v. River Hill Coal

Venture, 796 F.2d 8, 11 (1st Cir. 1986).

-4-
4

than three years after the violation itself. Id. at 2781-82.

The one-and-three year limitation announced in Lampf is not

subject to tolling. Id. at 2782. Because the Coop's claims

had been filed more than three years after the purchase of

the Unit Trusts, the district court, relying on Lampf,

dismissed the claims (hereinafter "the first dismissal").

Cooperativa II, 777 F. Supp. at 155-56.

Less than two months after the first dismissal, the

Coop's claims were reinstated by Section 476 of the Federal

Deposit Insurance Corporation Improvement Act of 1991, Pub.

L. No. 102-242, 105 Stat. 2387 (codified as 27A of the

Securities Exchange Act of 1934, 15 U.S.C. 78aa-1)

(hereinafter "Section 27A").6 Section 27A reinstates claims

6. Section 27A provides:

(a) Effect on pending causes of action

The limitation period for any private civil
action implied under [section 10(b)] that was
commenced on or before June 19, 1991, shall be the
limitation period provided by the laws applicable
in the jurisdiction, including principles of
retroactivity, as such laws existed on June 19,
1991.

(b) Effect on dismissed causes of action

Any private civil cause of action implied
under [section 10(b)] that was commenced on or
before June 19, 1991--

(1) which was dismissed as time barred
subsequent to June 19, 1991, and

(2) which would have been timely filed under
the limitation period provided by the laws

-5-
5

which, like the Coop's, were (1) pending at the time Lampf

was decided, and (2) dismissed as time barred under Lampf.

Pursuant to Section 27A, the Coop filed a timely motion for

reinstatement.

With the Coop's claims before it a second time, the

district court set out to apply the pre-Lampf statute of

limitations, which, as noted above, was subject to tolling.

Having no discovery before it on the issues of timeliness and

tolling, the district court applied Fed. R. Civ. P. 12(b)7

to the Coop's motion for reinstatement.

The district court began its application of Rule

12(b) with a brief analysis of the junk bond market. Relying

extensively on articles in the national press, submitted by

applicable in the jurisdiction, including
principles of retroactivity, as such laws existed
on June 19, 1991, shall be reinstated on motion by
the plaintiff not later than 60 days after Dec. 19,
1991.

7. Defendants argue that the district court applied Rule
60(b) to the motion for reinstatement. Though the district
court did refer to the motion as a "Fed. R. Civ. P. 60(b)
motion for reconsideration," Cooperativa III, 799 F. Supp. at

262, it went on to apply a Rule 12(b) standard, "[l]ooking at
the facts in a light most favorable to [the Coop] and taking
them as true, Fed. R. Civ. P. 12(b)(6)." Id. at 264.

Nothing in the language of Section 27A or in its
legislative history suggests that district courts should
apply Rule 60(b) to motions for reinstatement thereunder.
Rather, Section 27A states that claims meeting its
requirements "shall be reinstated on motion by the plaintiff"

(emphasis supplied). The district court properly chose to
apply a Rule 12(b) standard to the Coop's motion for
reinstatement, and we reject defendant's argument that the
court applied or should have applied Rule 60(b).

-6-
6

neither party, the district court found that "it was public

common knowledge within institutional investment circles that

. . . the high yield bonds sold by Drexel were accompanied by

an equally high risk," Cooperativa III, 799 F. Supp. at 264,

and that "any reasonabl[y] sophisticated institutional

investor should have recognized that it was investing in junk

bonds."8 Id. at 266. The district court concluded that the

Coop "was under an obligation to conduct a reasonably

diligent inquiry from the date of purchase of [the Unit

Trusts] and so the statute of limitations began to run on

that date." Id.

As an alternative date for commencing the running

of the statute of limitations, the district court found that

the stock market crash of October 19, 1987, was sufficient to

put the Coop on notice of its possible securities claims

against defendants. Id. at 265-66. Again, the court relied

on national press reports submitted by neither party to

support its view that such notice was within the realm of

common knowledge.9

8. The district court relied upon articles from, inter alia,

The Christian Science Monitor, Barrons, Forbes, Business

Week, Fortune, and The Los Angeles Times. Cooperativa III,

799 F. Supp. at 264 nn. 5, 6.

9. Here, the district court relied on articles from The

Financial Times, Reuters, The New York Times, and The

Washington Post. Cooperativa III, 799 F. Supp. at 265-66 nn.

10, 12.

-7-
7

Applying either date, the district court found that

the Coop's December 28, 1989, complaint failed to state a

timely claim under Puerto Rico's two-year statute of

limitations. Accordingly, it dismissed the Coop's claims a

second time (hereinafter "the second dismissal"). Id.

The Coop now appeals the second dismissal, arguing

that the district court's reliance on materials outside of

the pleadings was improper and thus not a valid basis for

dismissing its claim. For the reasons that follow, we agree.

II.

DISCUSSION

Under Rule 12(b), "any consideration of documents

not attached to the complaint, or not expressly incorporated

therein, is forbidden, unless the proceeding is properly

converted into one for summary judgment under [Fed. R. Civ.

P.] 56." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

See also Fed. R. Civ. P. 12(b) (if "matters outside the

pleading are presented to and not excluded by the court, the

motion shall be treated as one for summary judgment and

disposed of as provided in Rule 56"). Moreover, upon

conversion to summary judgment, "all parties shall be given a

reasonable opportunity to present all material made

pertinent" by the conversion. Fed. R. Civ. P. 12(b). See

also Whiting v. Maiolini, 921 F.2d 5, 6 (1st Cir. 1990).

-8-
8

Here, the district court relied extensively on

materials outside the pleadings in reaching its conclusion as

to when the statute of limitations began to run on the Coop's

claims. In relying on these extraneous materials, the

district court gave the parties neither notice nor

opportunity to be heard, nor did it convert the proceeding to

one for summary judgment. Such use of outside materials is

beyond the scope of Rule 12(b).

Nor do we find that the district court's reliance

on such material was within the scope of "judicial notice"

under Fed. R. Evid. 201(b).10 Ordinarily, when a district

court takes judicial notice of a fact other than at the

request of a party, it should notify the parties that it is

doing so and afford them an opportunity to be heard. United

States v. Garcia, 672 F.2d 1349, 1356 n.9 (11th Cir. 1982).

See also Barr Rubber Prods. Co. v. Sun Rubber Co., 425 F.2d

1114, 1125-26 (2d Cir.) (stating that failure to notify

parties "exceeded the bounds of judicial notice, and thereby

denied [party] an effective opportunity to object [to],

examine and rebut the matters noticed") (footnote omitted),

10. Fed. R. Evid. 201(b) provides:

A judicially noted fact must be one not subject to
reasonable dispute in that it is either (1)
generally known within the territorial jurisdiction
of the trial court or (2) capable of accurate and
ready determination by resort to sources whose
accuracy cannot reasonably be questioned.

-9-
9

cert. denied, 400 U.S. 878 (1970); 21 Charles A. Wright &

Kenneth W. Graham, Federal Practice and Procedure 5107

(1977) ("[T]he judge must notify the parties that [s/]he is

taking judicial notice of an adjudicative fact.") (footnote

omitted). As noted above, the district court gave the

parties no such opportunity to be heard. Accordingly, we

find that the district court's use of scattered press reports

to take judicial notice of an adjudicative fact was beyond

the proper scope of judicial notice.

Finally, defendants offer an alternative ground for

affirming the district court's dismissal of the Coop's

claims, claiming that Section 27A is constitutionally infirm.

For the reasons persuasively stated in Anixter v. Home-Stake

Prod. Co., 977 F.2d 1533, 1543-47 (10th Cir. 1992), cert.

denied, No. 92-1099, 1992 WL 391280 (Apr. 19, 1993), we

reject defendants' constitutional challenges to Section

27A.11 See also Henderson v. Scientific-Atlanta, Inc., 971

11. "Given the existence of a cogent, well-reasoned,
eminently correct opinion closely on point, we embrace it."
United States v. 29 Cartons, 987 F.2d 33, 37 (1st Cir. 1993).

Beyond Anixter, we add only the following comment in order to

address defendants' argument that Section 27A
unconstitutionally deprived them of a vested property right.
It is well established that a party's property right in a
cause of action does not vest "until a final, unreviewable
judgment has been obtained." Hammond v. United States, 786

F.2d 8, 12 (1st Cir. 1986). See also Hoffman v. City of

Warwick, 909 F.2d 608, 621 (1st Cir. 1990). At the time that

Section 27A was signed into law, no final judgment had been
entered in the instant case. Accordingly, defendants'
argument that Section 27A deprived them of a vested property
right is without merit.

-10-
10

F.2d 1567, 1571-75 (11th Cir. 1992); Berning v. United

States, No. 91-3318, 1993 WL 84590, **5-7 (7th Cir. March 25,

1993).

III.

CONCLUSION

For the foregoing reasons, the order of the

district court denying the Coop's motion for reinstatement

under Section 27A is reversed. Reversed and remanded.

-11-
11