USCA1 Opinion

 

 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 92-2148 COOPERATIVA DE AHORRO Y CREDITO AGUADA, Plaintiff, Appellant, v. KIDDER, PEABODY & CO., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr, and Stahl, Circuit Judges. ______________ ____________________ Enrique Peral, with whom Edgardo L. Rivera, Roberto Boneta, and _____________ _________________ _______________ Munoz Boneta Gonzalez Arbona Benitez & Peral, were on brief for ________________________________________________ appellant. Nestor M. Mendez-Gomez, with whom Patricia Rivera-MacMurray and _______________________ __________________________ Pietrantoni Mendez & Alvarez, were on brief for appellee Kidder, ______________________________ Peabody & Co., Gladys Isabel Flores for appellee Ramon Almonte, and _____________________ Guillermo J. Bobonia and Carlos A. Bobonis on brief for appellee Paine ____________________ _________________ Webber Incorporated. ____________________ May 19, 1993 ____________________ STAHL, Circuit Judge. In this appeal, we must _____________ decide whether the district court properly applied Fed. R. Civ. P. 12(b) in dismissing plaintiff's complaint as time barred. Because the district court improperly relied on materials not within the pleadings in reaching its decision, we reverse the dismissal. I. I. __ FACTUAL BACKGROUND AND PRIOR PROCEEDINGS FACTUAL BACKGROUND AND PRIOR PROCEEDINGS ________________________________________ For purposes of this appeal, we provide only a summary of the procedural history of this case.1 Plaintiff- appellant Cooperativa de Ahorro y Credito Aguada ("the Coop") is a single-branch savings and loan cooperative located in Aguada, Puerto Rico. On December 28, 1989, more than three years after purchasing shares in Drexel Burnham Lambert Unit Trust Bond Funds (hereinafter "Unit Trusts"), the Coop brought Section 10(b)2 and Rule 10b-53 claims against its ____________________ 1. For more detailed accounts of the case, see Cooperativa ___ ___________ de Ahorro y Credito Aguada v. Kidder, Peabody & Co., 758 F. ___________________________ ______________________ Supp. 64 (D.P.R. 1990) (hereinafter "Cooperativa I"); ______________ Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & _______________________________________ _________________ Co., 777 F. Supp. 153 (D.P.R. 1990) (hereinafter "Cooperativa ___ ___________ II"); Cooperativa de Ahorro y Credito Aguada v. Kidder, __ __________________________________________ _______ Peabody & Co., 799 F. Supp. 261 (D.P.R. 1990) (hereinafter ______________ "Cooperativa III"). _______________ 2. Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b), states in relevant part: It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . . [t]o use or employ, in -2- 2 financial services brokers, defendants-appellees Kidder, Peabody & Co. ("Kidder") and Ramon Almonte.4 The complaint ____________________ connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors. 3. Rule 10b-5, 17 C.F.R. 240.10b-5 states: It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security. 4. The complaint also named Almonte's subsequent employer, Paine Webber, Inc., ("Paine Webber"), as a defendant, and alleged other securities, RICO, and mail fraud claims against Almonte, Kidder and Paine Webber. These additional federal claims were dismissed by the district court and are not before us on this appeal. See Cooperativa I, 758 F. Supp. at ___ _____________ 64; Cooperativa II, 777 F. Supp. at 157-61. ______________ In addition, the complaint included state law fraud claims against all three defendants. These claims were dismissed for want of pendent jurisdiction coincident with -3- 3 alleged that Almonte, while employed at Kidder, had fraudulently induced the Coop to purchase shares in the Unit Trusts by misrepresenting to the Coop the nature and risk of these investments. As to timeliness, the complaint alleged that, because Almonte had continued to misrepresent the nature and value of the Unit Trusts from the date of purchase through July of 1989, the applicable Puerto Rico two-year statute of limitations had tolled.5 While the Coop's claims were pending before the district court, the United States Supreme Court announced a uniform federal statute of limitations for all Section 10(b) and Rule 10b-5 claims in Lampf, Pleva, Lipkind, Prupis & _________________________________ Petigrow v. Gilbertson, 111 S. Ct. 2773 (1991). Lampf held ________ __________ _____ that such claims must be brought within one year of discovery of the facts which give rise to the violation, and no more ____________________ the dismissal of the federal securities claims. See ___ Cooperativa II, 777 F. Supp. at 161. While our decision in ______________ the instant appeal will result in the reinstatement of those claims as well, we reinstate them without prejudice to the district court's further consideration of whether or not it should hear and determine them under pendent and/or supplemental jurisdiction. 5. The parties do not dispute that at the time the Coop filed suit, the applicable statute of limitations was the two-year provision "borrowed" from the Puerto Rico Securities Act, 10 L.P.R.A. 890(e). This two-year limitation was subject to equitable tolling under the doctrine of fraudulent concealment, which provides that "the statute of limitations applicable to claims under Section 10(b) and Rule 10b-5 begins to run when an investor, in the exercise of reasonable diligence, discovered or should have discovered the alleged fraud." General Builders Supply Co. v. River Hill Coal _____________________________ _________________ Venture, 796 F.2d 8, 11 (1st Cir. 1986). _______ -4- 4 than three years after the violation itself. Id. at 2781-82. ___ The one-and-three year limitation announced in Lampf is not _____ subject to tolling. Id. at 2782. Because the Coop's claims ___ had been filed more than three years after the purchase of the Unit Trusts, the district court, relying on Lampf, _____ dismissed the claims (hereinafter "the first dismissal"). Cooperativa II, 777 F. Supp. at 155-56. ______________ Less than two months after the first dismissal, the Coop's claims were reinstated by Section 476 of the Federal Deposit Insurance Corporation Improvement Act of 1991, Pub. L. No. 102-242, 105 Stat. 2387 (codified as 27A of the Securities Exchange Act of 1934, 15 U.S.C. 78aa-1) (hereinafter "Section 27A").6 Section 27A reinstates claims ____________________ 6. Section 27A provides: (a) Effect on pending causes of action (a) Effect on pending causes of action The limitation period for any private civil action implied under [section 10(b)] that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991. (b) Effect on dismissed causes of action (b) Effect on dismissed causes of action Any private civil cause of action implied under [section 10(b)] that was commenced on or before June 19, 1991-- (1) which was dismissed as time barred subsequent to June 19, 1991, and (2) which would have been timely filed under the limitation period provided by the laws -5- 5 which, like the Coop's, were (1) pending at the time Lampf _____ was decided, and (2) dismissed as time barred under Lampf. _____ Pursuant to Section 27A, the Coop filed a timely motion for reinstatement. With the Coop's claims before it a second time, the district court set out to apply the pre-Lampf statute of _____ limitations, which, as noted above, was subject to tolling. Having no discovery before it on the issues of timeliness and tolling, the district court applied Fed. R. Civ. P. 12(b)7 to the Coop's motion for reinstatement. The district court began its application of Rule 12(b) with a brief analysis of the junk bond market. Relying extensively on articles in the national press, submitted by ____________________ applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991, shall be reinstated on motion by the plaintiff not later than 60 days after Dec. 19, 1991. 7. Defendants argue that the district court applied Rule 60(b) to the motion for reinstatement. Though the district court did refer to the motion as a "Fed. R. Civ. P. 60(b) motion for reconsideration," Cooperativa III, 799 F. Supp. at _______________ 262, it went on to apply a Rule 12(b) standard, "[l]ooking at the facts in a light most favorable to [the Coop] and taking them as true, Fed. R. Civ. P. 12(b)(6)." Id. at 264. ___ Nothing in the language of Section 27A or in its legislative history suggests that district courts should apply Rule 60(b) to motions for reinstatement thereunder. Rather, Section 27A states that claims meeting its requirements "shall be reinstated on motion by the plaintiff" _____ __ __________ (emphasis supplied). The district court properly chose to apply a Rule 12(b) standard to the Coop's motion for reinstatement, and we reject defendant's argument that the court applied or should have applied Rule 60(b). -6- 6 neither party, the district court found that "it was public common knowledge within institutional investment circles that . . . the high yield bonds sold by Drexel were accompanied by an equally high risk," Cooperativa III, 799 F. Supp. at 264, _______________ and that "any reasonabl[y] sophisticated institutional investor should have recognized that it was investing in junk bonds."8 Id. at 266. The district court concluded that the ___ Coop "was under an obligation to conduct a reasonably diligent inquiry from the date of purchase of [the Unit Trusts] and so the statute of limitations began to run on that date." Id. ___ As an alternative date for commencing the running of the statute of limitations, the district court found that the stock market crash of October 19, 1987, was sufficient to put the Coop on notice of its possible securities claims against defendants. Id. at 265-66. Again, the court relied ___ on national press reports submitted by neither party to support its view that such notice was within the realm of common knowledge.9 ____________________ 8. The district court relied upon articles from, inter alia, _____ ____ The Christian Science Monitor, Barrons, Forbes, Business ________________________________ _______ ______ ________ Week, Fortune, and The Los Angeles Times. Cooperativa III, ____ _______ _____________________ _______________ 799 F. Supp. at 264 nn. 5, 6. 9. Here, the district court relied on articles from The ___ Financial Times, Reuters, The New York Times, and The ________________ _______ _____________________ ___ Washington Post. Cooperativa III, 799 F. Supp. at 265-66 nn. _______________ _______________ 10, 12. -7- 7 Applying either date, the district court found that the Coop's December 28, 1989, complaint failed to state a timely claim under Puerto Rico's two-year statute of limitations. Accordingly, it dismissed the Coop's claims a second time (hereinafter "the second dismissal"). Id. ___ The Coop now appeals the second dismissal, arguing that the district court's reliance on materials outside of the pleadings was improper and thus not a valid basis for dismissing its claim. For the reasons that follow, we agree. II. II. ___ DISCUSSION DISCUSSION __________ Under Rule 12(b), "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under [Fed. R. Civ. P.] 56." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). _________ ____ See also Fed. R. Civ. P. 12(b) (if "matters outside the ___ ____ pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56"). Moreover, upon conversion to summary judgment, "all parties shall be given a reasonable opportunity to present all material made pertinent" by the conversion. Fed. R. Civ. P. 12(b). See ___ also Whiting v. Maiolini, 921 F.2d 5, 6 (1st Cir. 1990). ____ _______ ________ -8- 8 Here, the district court relied extensively on materials outside the pleadings in reaching its conclusion as to when the statute of limitations began to run on the Coop's claims. In relying on these extraneous materials, the district court gave the parties neither notice nor opportunity to be heard, nor did it convert the proceeding to one for summary judgment. Such use of outside materials is beyond the scope of Rule 12(b). Nor do we find that the district court's reliance on such material was within the scope of "judicial notice" under Fed. R. Evid. 201(b).10 Ordinarily, when a district court takes judicial notice of a fact other than at the request of a party, it should notify the parties that it is doing so and afford them an opportunity to be heard. United ______ States v. Garcia, 672 F.2d 1349, 1356 n.9 (11th Cir. 1982). ______ ______ See also Barr Rubber Prods. Co. v. Sun Rubber Co., 425 F.2d ___ ____ ______________________ ______________ 1114, 1125-26 (2d Cir.) (stating that failure to notify parties "exceeded the bounds of judicial notice, and thereby denied [party] an effective opportunity to object [to], examine and rebut the matters noticed") (footnote omitted), ____________________ 10. Fed. R. Evid. 201(b) provides: A judicially noted fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. -9- 9 cert. denied, 400 U.S. 878 (1970); 21 Charles A. Wright & _____ ______ Kenneth W. Graham, Federal Practice and Procedure 5107 ________________________________ (1977) ("[T]he judge must notify the parties that [s/]he is taking judicial notice of an adjudicative fact.") (footnote omitted). As noted above, the district court gave the parties no such opportunity to be heard. Accordingly, we find that the district court's use of scattered press reports to take judicial notice of an adjudicative fact was beyond the proper scope of judicial notice. Finally, defendants offer an alternative ground for affirming the district court's dismissal of the Coop's claims, claiming that Section 27A is constitutionally infirm. For the reasons persuasively stated in Anixter v. Home-Stake _______ __________ Prod. Co., 977 F.2d 1533, 1543-47 (10th Cir. 1992), cert. _________ _____ denied, No. 92-1099, 1992 WL 391280 (Apr. 19, 1993), we ______ reject defendants' constitutional challenges to Section 27A.11 See also Henderson v. Scientific-Atlanta, Inc., 971 ___ ____ _________ ________________________ ____________________ 11. "Given the existence of a cogent, well-reasoned, eminently correct opinion closely on point, we embrace it." United States v. 29 Cartons, 987 F.2d 33, 37 (1st Cir. 1993). _____________ __________ Beyond Anixter, we add only the following comment in order to _______ address defendants' argument that Section 27A unconstitutionally deprived them of a vested property right. It is well established that a party's property right in a cause of action does not vest "until a final, unreviewable judgment has been obtained." Hammond v. United States, 786 _______ _____________ F.2d 8, 12 (1st Cir. 1986). See also Hoffman v. City of ___ ____ _______ _______ Warwick, 909 F.2d 608, 621 (1st Cir. 1990). At the time that _______ Section 27A was signed into law, no final judgment had been entered in the instant case. Accordingly, defendants' argument that Section 27A deprived them of a vested property right is without merit. -10- 10 F.2d 1567, 1571-75 (11th Cir. 1992); Berning v. United _______ ______ States, No. 91-3318, 1993 WL 84590, **5-7 (7th Cir. March 25, ______ 1993). III. III. ____ CONCLUSION CONCLUSION __________ For the foregoing reasons, the order of the district court denying the Coop's motion for reinstatement under Section 27A is reversed. Reversed and remanded. ________ ___ ________ -11- 11