**Michael DANTONE, Plaintiff,**

v.

**Dr. BHADDI and the United States of America, Defendants.**

Civil Action No. 06–40022–JLT.

United States District Court, D. Massachusetts.

July 15, 2008.

168

Michael David Dantone, Minersville, PA, pro se.

Christopher R. Donato, United States Attorney's Office, Boston, MA, for Defendants.

## ORDER

JOSEPH L. TAURO, District Judge:

This court ACCEPTS and ADOPTS the June 17, 2008 Report and Recommenda-

tion ("Report and Recommendation") [# 62] of Magistrate Judge Dein. For the reasons set forth in the Report and Recommendation, this court hereby orders that: (1) Defendants' *Motion to Dismiss, or in the Alternative, for Summary Judgment* [# 54] is treated a motion to dismiss; and (2) Defendants' *Motion to Dismiss, or in the Alternative, for Summary Judgment* [# 54] is DENIED. IT IS SO ORDERED.

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

DEIN, United States Magistrate Judge.

June 17, 2008

### I. INTRODUCTION

This action arises out of injuries the plaintiff Michael Dantone ("Dantone") allegedly sustained while a prisoner at the Federal Medical Center in Devens, Massachusetts ("FMC Devens"). Specifically, Dantone contends that he was injured on January 18, 2005 when the seat of a van in which he was being transported collapsed, causing him to fall and injure his leg, head and neck. Dantone also contends that the medical staff at FMC Devens demonstrated deliberate indifference to his serious medical needs and that, as a result, he suffered significant and ongoing injuries.

Dantone has brought a *pro se* complaint[1] against the United States of America under the Federal Torts Claim Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA"), and a claim under 42 U.S.C. § 1983 pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against Dr. Bhaddi, a medical doctor at FMC Devens.[2] This matter is presently before the court on the "Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment" (Docket No. 54), pursuant to which the defendants are seeking to dismiss the entire complaint. Specifically, the defendants contend that Dantone has failed to plead and/or establish sufficient facts to establish a negligence claim under the FTCA and Massachusetts law. In addition, the defendants contend that Dantone has failed to exhaust his administrative remedies with respect to the claim against Dr. Bhaddi, that Dr. Bhaddi is entitled to qualified immunity, and that Dantone has failed to plead and/or establish an Eighth Amendment violation based on his medical treatment.

For the reasons detailed below, this court finds that it is premature to address this matter as a motion for summary judgment, and will consider the motion as a motion to dismiss. This court finds that the allegations of the complaint are sufficient to state a claim for negligence under the FTCA and Massachusetts law. Similarly, this court finds the allegations sufficient to state a *Bivens* claim against Dr. Bhaddi. Therefore, this court recommends to the District Judge to whom this case is assigned that the defendants' motion to dismiss (Docket No. 54) be DENIED.

### II. STANDARD OF REVIEW

#### A. Scope of the Record

The defendants have filed a motion to dismiss or, in the alternative, a motion for summary judgment. Under Fed.R.Civ.P. 12(b)(6), if "matters outside the pleading are presented to and not excluded by the

---

**1.** References to the complaint are to the Amended Civil Complaint ("Compl.") filed on May 14, 2007 following various orders of the court. (Docket No. 49).

**2.** While Dantone named other individuals as defendants, the claims against them have been dismissed as a result of prior orders of the court. (*See* Docket No. 52 at 2–4).

court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." However, filing additional materials outside the pleadings does not automatically convert the motion into one for summary judgment. Rather, "[i]f the district court chooses to ignore the supplementary materials and determines the motion under the Rule 12(b)(6) standard, no conversion occurs." *Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B.,* 958 F.2d 15, 18–19 (1st Cir.1992), and cases cited.

This court recognizes that both parties in the instant case have submitted materials beyond the complaint. Nevertheless, this court concludes that it is premature to address this matter as one for summary judgment. Discovery in the instant case has barely begun, and neither party has had the opportunity to respond to the other's submission of materials. Thus, there is conflicting information submitted by all parties about medical treatment, as well as about whether Dantone exhausted his administrative remedies. In addition, the defendant has submitted detailed affidavits about the cause of the accident to which the plaintiff has not had the opportunity to respond. Neither party has filed a statement of undisputed facts pursuant to Local Rule 56. 1, and the court should not be responsible for interpreting the filings made by the parties without comment by the opposing party. Under such circumstances, this court declines to treat the motion to dismiss as a motion for summary judgment. *See Rubert–Torres v. Hosp. San Pablo, Inc.,* 205 F.3d 472, 475 (1st Cir.2000) (courts disfavor conversion of a motion to dismiss to one for summary judgment when "(1) the motion comes quickly after the complaint was filed, (2) discovery is in its infancy and the nonmov-

ant is limited in obtaining and submitting evidence to counter the motion, or (3) the nonmovant does not have reasonable notice that a conversion might occur") (citing *Whiting v. Maiolini,* 921 F.2d 5, 7 (1st Cir.1990)).

**B. *Review Under Rule 12(b)(6)***

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. *See Ruiz v. Bally Total Fitness Holding Corp.,* 496 F.3d 1, 5 (1st Cir.2007) (citing *Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir.1999)). The court is "not bound, however, to credit 'bald assertions, unsupportable conclusions, and opprobrious epithets' woven into the fabric of the complaint." *In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 15 (1st Cir. 2003). Dismissal is appropriate if the complaint fails to allege a "plausible entitlement to relief." *Rodriguez–Ortiz v. Caribe,* 490 F.3d 92, 95 (1st Cir.2007) (quoting *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1967, 167 L.Ed.2d 929 (2007)). Where, as here, the plaintiff is proceeding *pro se,* the complaint will be construed liberally, and will "only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (internal quotation omitted).

Under the liberal notice pleading standard established by Fed.R.Civ.P. 8(a), a plaintiff is required to submit "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl.,* 127 S.Ct. at 1964 (quotations, citation, and punctuation omitted).

Accordingly, "[p]laintiffs only are obliged to set forth in their complaint 'factual allegations either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." *Raytheon Co. v. Cont'l Cas. Co.*, 123 F.Supp.2d 22, 26–27 (D.Mass. 2000) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 127 S.Ct. at 1964–65 (internal punctuation and citations omitted). Accordingly, the factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted).

When the applicable standard is applied to the instant case, this court concludes that the defendants' motion to dismiss should be denied.

### III. *STATEMENT OF FACTS*

The facts, as derived from the Amended Civil Complaint ("Compl.") (Docket No. 49) are as follows.

Dantone was a federal inmate at FMC Devens at the time of the events in question. (Compl.¶ 1). He has since been transferred to FCI Schuylkill in Minersville, Pennsylvania. The individual defendant, Dr. Bhaddi, was a medical doctor at FMC Devens. (*Id.* at ¶ 11).[3]

On January 18, 2005, Dantone was being transported by several Correctional Officers to a medical procedure at the University of Massachusetts Medical Center. (*Id.* at ¶ 1). He was being transported in a van in which the seats had been removed and replaced with seats fabricated by the prison facility. (*Id.* at ¶ 3). Dantone informed the Correctional Officers that the seat "felt different" and "not very safe" but was told that "the seat was secure and that it was okay to use." (*Id.* at ¶ 4). While traveling to the hospital, the van rounded a curve onto an exit and the seat gave way, causing Dantone to be "thrown out of the seat and across the van." (*Id.* at ¶ 5). According to Dantone, since he was shackled and handcuffed, he could not protect himself from injury while falling. (*Id.* at ¶ 5A(1)). He caught his leg on a piece of bracket sticking up through the floor and slammed his head into the wall of the van. (*Id.* at ¶¶ 5A(2–3)). Dantone contends that he has been suffering from head and neck pain since the accident, and that he has lost many hours of sleep due to the pain. (*Id.* at ¶ 5A(3)).

According to Dantone he has complained numerous times to the medical staff at FMC Devens, including Dr. Bhaddi. (*Id.* at ¶¶ 10–11). He had an x-ray taken at an unspecified time, but it took six months, until July 26, 2005, to have an MRI. (*Id.*). Despite repeated efforts, no medical personnel, including Dr. Bhaddi, have spoken to him about the results of the x-ray and MRI, and he has "received no meaningful medical assistance" for the injuries he sustained. (*Id.* at ¶¶ 10–12).

### IV. *ANALYSIS*

#### A. *Federal Torts Claim Act*

The defendants contend that Dantone cannot establish that the government was

---

**3.** According to the defendants, Dr. Bhaddi also has left the facility. However, that fact is not alleged in the complaint.

negligent, and, therefore, argue that his claims against the United States under the FTCA, 28 U.S.C. §§ 1346(b), 2671 *et. seq*, be dismissed. Without expressing any opinion as to whether the government may prevail on a motion for summary judgment, this court finds that Dantone has alleged sufficient facts to withstand the motion to dismiss.

The FTCA constitutes "a limited waiver of the federal government's sovereign immunity, and grants federal courts jurisdiction over claims against the United States that fall within its ambit." *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir.2006) (internal citation omitted). The FTCA limits the liability of the United States to circumstances in which a private individual would be liable "in accordance with the law of the place where the act or omission occurred." *Id.* (citing 28 U.S.C. § 1346(b)). Thus, in the instant case Dantone must allege sufficient facts to set forth a negligence claim under Massachusetts law.

In order to prevail on his negligence claim, Dantone must show "(1) a legal duty owed by defendant to plaintiff; (2) a breach of that duty; (3) proximate or legal cause; and (4) actual damage or injury." *Nelson v. Mass. Port Auth.*, 55 Mass. App.Ct. 433, 435, 771 N.E.2d 209, 211 (2002) (quoting *Jorgensen v. Mass. Port Auth.*, 905 F.2d 515, 522 (1st Cir.1990)). It is undisputed in the instant case that FMC Devens' staff owed Dantone a duty of care in their transportation of him. (*See* Defs. Mem. (Docket No. 55) at 16). In his complaint. Dantone has alleged that FMC Devens' staff breached that duty by failing to properly install, maintain and inspect the seating in the van. (Compl.¶¶ 6–9). He further alleges that this negligence resulted in the collapse of the seat, which resulted in the injuries to his head and neck, and ongoing pain. (*Id.* at ¶ 5).

Drawing all inferences in Dantone's favor, he has alleged sufficient facts to state a negligence claim against the United States under the FTCA. Therefore, this court recommends that the motion to dismiss this claim be denied.

## B. *The Bivens Claims*

Dr. Bhaddi has moved to dismiss the claims against him on the grounds that Dantone has failed to exhaust his administrative remedies, that Dr. Bhaddi is entitled to qualified immunity and that Dantone has failed to articulate a claim under the Eighth Amendment to the United States Constitution. Again, without anticipating whether these claims may be resolved in the context of a motion for summary judgment, this court finds that the allegations of the complaint are sufficient and, therefore, recommends that the motion to dismiss be denied.

### *Failure to Exhaust*

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that prisoners exhaust all administrative remedies available to them before bringing suit. *See Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Exhaustion under the PLRA is an affirmative defense, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007). Moreover, since it is an affirmative defense, "the requirement of exhaustion ... may be subject to certain defenses such as waiver, estoppel, or equitable tolling." *Casanova v. Dubois*, 304 F.3d 75, 78 n. 3 (1st Cir.2002) (quoting *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir.1998)).

"Affirmative defenses ... may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provid-

ed that the facts establishing the defense are clear on the face of the plaintiff's pleadings." *Trans–Spec Truck Serv., Inc. v. Caterpillar Inc.,* 524 F.3d 315, 320 (1st Cir.2008) (internal punctuation and citation omitted). However, if factual evidence beyond the complaint must be considered to decide the issue raised by the affirmative defense, such information may only be considered in the context of a motion for summary judgment. *Id.* at 320–21 (recognizing that court may ignore supplemental materials submitted in connection with motion to dismiss and elect not to convert motion to one for summary judgment). In the instant case, Dantone did not raise the issue of exhaustion in his complaint, and the matter cannot be determined from a review of the four corners of the complaint. This matter is being addressed in the context of a motion to dismiss, as a result of which the materials submitted by both parties on this issue are irrelevant.[4] Since the issue of exhaustion cannot be decided on the basis of the complaint alone, this court recommends that the motion to dismiss due to failure to exhaust be denied.

### Qualified Immunity

 In reviewing a claim of qualified immunity in the context of a motion to dismiss, the court must ask whether, "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right" and, if so, "whether the right was clearly established" at the time of the alleged acts. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). The right must be clearly established such that a reasonable official would be on notice that the conduct was unlawful and that the conduct violated

the clearly established right. *See Velez–Diaz v. Vega–Irizarry,* 421 F.3d 71, 78 (1st Cir.2005). Since in the instant case the qualified immunity defense is raised in the context of a motion to dismiss, this court's analysis may only be based on the evidence found in the plaintiff's complaint. *See id.* However, "at this stage of the inquiry courts must not define the relevant constitutional right in overly general terms, lest they strip the qualified immunity defense of all meaning." *Id.* (quoting *Butera v. District of Columbia,* 235 F.3d 637, 646 (D.C.Cir.2001) (additional citations omitted)).

 It has long been established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eight Amendment." *Estelle v. Gamble,* 429 U.S. at 104, 97 S.Ct. at 291 (internal citation omitted). Thus, there is no question that Dr. Bhaddi would have been on notice that a prison doctor's deliberate indifference to a prisoner's serious medical needs constitutes a violation of the prisoner's constitutional rights.

Dantone has also alleged sufficient facts to state a violation of his constitutional rights. The defendants argue that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* at 106, 97 S.Ct. at 292. Rather, "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* Reading the complaint in the light most favorable to Dantone, however, he has alleged that he received no meaningful medical care following the accident, that the

---

4. This court also notes that if it were to consider matters outside the complaint, the parties have submitted conflicting information on the exhaustion question.

MRI which he eventually received six months after the accident was untimely, and that, to date, he has been unable to obtain any medical information about the results of his tests, all despite repeated complaints to Dr. Bhaddi. (*See* Compl. ¶¶ 10–12). Dantone is not alleging merely negligent treatment, he is alleging no significant treatment at all. These allegations are sufficient to state a claim of deliberate indifference to his medical needs. Therefore, this court recommends that the motion to dismiss the *Bivens* claims on the grounds of qualified immunity and/or failure to state a constitutional violation be denied.

## V. *CONCLUSION*

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the "Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment" (Docket No. 54) be treated as a motion to dismiss, and that it be DENIED.[5]

---

5. The parties are hereby advised that under the provisions of Fed.R.Civ.P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. *See* *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604–605 (1st Cir.1980); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *see also Thomas v. Arn*, 474 U.S. 140, 153–54, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). *Accord Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3–4 (1st Cir.1999); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir.1994); *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998).